114 So.2d 722 (1959)
JAMES FURNITURE MANUFACTURING COMPANY, INC., a Florida corporation, and Paul Rosen, Appellants,
v.
MARYLAND CASUALTY COMPANY, A corporation, Appellee.
No. 59-189.
District Court of Appeal of Florida. Third District.
October 5, 1959.
Alan B. Brody and Von Zamft & Kravitz, Miami, for appellants.
Knight, Smith, Underwood & Peters and Julius Erstling, Miami, for appellee.
CARROLL, CHAS., Judge.
A negligence action arising out of an automobile accident resulted in a judgment for one Johnny Timmons against James Furniture Manufacturing Company, Inc., and Paul Rosen. The furniture company was the owner of the motor vehicle involved in the accident. Rosen was operating the vehicle at the time, in the course of his employment by the furniture company. Maryland Casualty Company was the insurer on an automobile liability insurance policy issued to the furniture company.
The appellee Maryland Casualty Company filed a proceeding in the circuit court against those insured and the judgment creditor, contending for and seeking to have the court decree its non-liability under the policy. The court decreed otherwise, holding that the insurer was obligated to pay the judgment which had been rendered against the furniture company and Rosen, but refusing to allow attorney fees to defendants.[1] This appeal challenges that ruling on the attorney fees.
*723 Provision is made by statute for allowance of attorney fees upon the granting of a judgment or decree against "any insurer in favor of the beneficiary under any policy or contract of insurance executed by such insurer."[2]
Here the insurer filed suit on the policy in the circuit court. It sought a decree declaring that the insurer was not liable under the policy. The insured and its driver, against whom a judgment for damages had been entered, and also the party holding the judgment against them, were required to defend the case, in which they ran the risk of losing the benefits of the policy. The court ruled in favor of the defendants, and established the obligation of the insurer under the policy. Under those circumstances the statute for the allowance of attorney fees was applicable.
The chancellor gave no reason in his decree for disallowing such fees. Appellants contend his refusal to do so disregarded the statute and was error. Appellee argues that the insured under an automobile liability policy should not be considered as the beneficiary of the policy, and further argues that attorney fees should not be allowed under the statute in this case because the insurer was diligent in defending the automobile accident case, and did not refuse payment but chose to submit the question of its liability to a court for decision, rather than to wait for suit to be brought against it under the policy.
Those arguments of the appellee are not supportable under the applicable authorities, and we conclude that the learned chancellor was in error in his refusal to allow attorney fees. See Peninsular Life Ins. Co. v. Howard, Fla. 1954, 72 So.2d 389; Continental Casualty Co. v. Giller Concrete Co., 5 Cir., 1940, 116 F.2d 431; Phoenix Indemnity Co. v. Anderson's Groves, 5 Cir., 1949, 176 F.2d 246; American Fidelity & Casualty Co. v. Greyhound Corp., 5 Cir., 1958, 258 F.2d 709, 717.
Accordingly the decree disallowing attorney fees is reversed, and the cause remanded with directions to allow reasonable attorney fees to the parties so entitled under the applicable statute.
Reversed and remanded.
HORTON, C.J., and PEARSON, J., concur.
NOTES
[1] The final decree was as follows:

"This cause came on for final hearing upon the complaint and the answers filed by the defendants, and the Court having heard and considered the testimony and evidence adduced by the parties, and having heard argument of the attorneys for the respective parties, and being fully advised in the premises, it is thereupon
"Ordered, Adjudged and Decreed:
"1. The plaintiff, Maryland Casualty Company, is obligated under its policy No. 2-2400091, to pay the judgment rendered in suit No. 58L 2293 in favor of Johnny Timmons, defendant herein, and is also obligated thereunder to pay the judgment rendered in favor of Ryder Truck Rental, Inc. against James Furniture Manufacturing Co., Inc., Case No. 46187, Small Claims Court, Dade County, Florida.
"2. No attorneys' fees are allowed to the defendants James Furniture Manufacturing Company, Inc., a Florida corporation, Paul Rosen and Johnny Timmons, for the services of their attorneys of record rendered in this cause."
[2] § 625.08 Fla. Stat., F.S.A., at the time involved (and prior to certain changes therein by § 477 of Chapter 59-205, Laws of Florida, 1959) read as follows: "Upon the rendition of a judgment or decree by any of the courts of this state against any insurer in favor of the beneficiary under any policy or contract of insurance executed by such insurer, there shall be adjudged or decreed against such insurer, and in favor of the beneficiary named in said policy or contract of insurance, a reasonable sum as fees or compensation for his attorneys or solicitors prosecuting the suit in which the recovery is had.

"The amount to be recovered for fees and compensation for attorneys and solicitors against such insurer shall be ascertained and fixed by the court in chancery cases or a jury in common law actions, from testimony adduced for that purpose, and shall be included in the judgment or decree rendered in such cases."