PER CURIAM.
The appellant sued the appellee insurer to recover for a fire loss. The action followed a rejection of the claim by the insurer because of the latter’s contention that the fire which caused the loss was set by or at the direction of the insured. On trial of the cause, in the course of which the insurer presented an issue based on that contention a verdict was rendered in favor of the plaintiff-appellant against the insurer for $13,750. Judgment was entered thereon, and the plaintiff appealed, assigning as error the trial court’s denial of plaintiff’s application for an allowance for its attorney fees. In so ruling the trial *271 court accepted the argument of the insured that attorney fees were not allowable in this case, under § 627.0127, Fla.Stat., F.S. A., because the disclaimer of liability by the insured had been made on a reasonable ground or hypothesis.[1] We hold that ruling was error, and reverse.
Under the applicable statute the right to attorney’s fees in such case is conferred regardless of whether the insurer chose to contest the matter on some basis which it was not unreasonable to assert. See Employers’ Liability Assur. Corp. v. Royals Farm Sup., Fla.App.1966, 186 So.2d 317, 320-321; James Furniture Mfg. Co., Inc. v. Maryland Cas. Co., Fla.App.1959, 114 So.2d 722, 723.
The insurer filed a cross-appeal to the judgment, claiming error of the trial court in striking its defense that the plaintiff had no insurable interest. That action was taken by the court during the course of the trial based on evidence which had been submitted therein. On consideration of the record and arguments we find no error in that ruling. We also reject as unsound in the light of the record and briefs the further contentions of the defendant on cross-appeal directed to certain rulings relating to the admission or exclusion of evidence made by the trial court during the course of the trial.
Accordingly, the ruling of the trial court denying an allowance of attorney fees to the plaintiff, which was the basis of the main appeal, is reversed, and the cause is remanded for further proceedings thereon in accordance with the cited statute relating to such fees; otherwise the judgment of the trial court in this cause is affirmed.
It is so ordered.

. § 627.0127 Fla.Stat., F.S.A., provides in pertinent part as follows: “Upon the rendition of a judgment or decree by any of the courts of this, state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, * * * shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or a compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which tbe recovery is had.”