PER CURIAM.
Aetna Casualty & Surety Company originally brought a declaratory decree action against the appellant and others for the purpose of determining whether or not there was a workmen’s compensation insurance policy in force and effect at the time when one Grady Jackson was injured in an industrial accident. At the time of the injury, Jackson was employed either by the appellant or by another, Horton, who had acquired the business employing Jackson.
After being served with the complaint, the appellants Dawson thereafter filed a motion to dismiss together with an answer and counterclaim, the counterclaim requesting attorney’s fees and costs. Thereafter, the trial judge entered an order of dismissal, finding that the matter of workmen’s compensation coverage was presently pending before the Florida Industrial Commission for determination, and moreover, finding that the appellant’s counterclaim was premature in view of those pending proceedings.
The appellee argues that § 627.0127 Fla. Stat., F.S.A. is not applicable to the case at bar, in that the trial judge’s disposition in this case was not “ * * * against an insurer in favor of an insured or the named beneficiary under a policy or contract executed by the insurer.” We do not agree. The insurance company is seeking, by this action, a determination that it is not liable for the damages incurred by Jackson and, consequently, that his recovery must be from the appellants and/or Horton. The dismissal of the insurance company’s action, therefore, in our opinion is the “ * * rendition of a judgment * * * against an insurer in favor of an insured.” See James Furniture Mfg. Co., Inc. v. Maryland Cas. Co., Fla.App.1959, 114 So.2d 722. Moreover, the fact that the appellants raised the issue by way of a counterclaim, rather than the usual procedure of filing a motion for attorney’s fees, should not disqualify them from the statutory benefits bestowed by § 627.0127, supra.
Therefore, the dismissal of the appellant’s counterclaim is hereby reversed.