PEARSON, Judge.
These appeals have been consolidated for all appellate purposes. In the first numbered appeal Mabel E. Queen is the appellant and in the second numbered appeal Felix Huerta is the appellant. The appel-lee in each case is Travelers Insurance Company. The order appealed is the same and is an order striking from the final judgment the provision for the allowance of attorney’s fees. Each appellant claims a fee against the appellee under F.S. § 627.0127(1), F.S.A., which reads as follows :
“F.S. § 627.0127 Attorney fee—
“(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or *36 compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.”
Appellants’ claim to attorney’s fees arises out of a garnishment action. The appellant, Huerta, was involved in an automobile collision while riding in a car driven by appellant, Queen. Queen was insured by Travelers Insurance Company. Before the trial of the cause the insurance company withdrew its representation of appellant, Queen, upon the ground that its policy did not afford coverage under the circumstances of the case. Appellant, Huerta; secured a final judgment and brought a garnishment action against Travelers Insurance Company. At the garnishment action the sole triable issue was the coverage of the insurance policy issued by Travelers to Queen. Appellant, Queen, the policy holder, was represented at the trial of the issue as was appellant Huerta, the judgment holder. A jury returned a verdict for the garnishor Huerta and the judgment entered retained jurisdiction for assessment of attorney’s fees. Upon later hearing the court struck the provision for attorney’s fees holding that F.S. § 627.0127(1), F.S.A., providing for attorney’s fees was not applicable to garnishment proceedings.
We hold that the section is applicable; that attorney’s fees should be awarded to the policy holder and to the garnishor under the circumstances of this case.
The applicability of the statute to the policy holder Queen is apparent from the fact that the Florida courts have held that the statute is not limited to a direct action against an insurance company. In the case of Aetna Casualty & Surety Company v. Mills, Fla.App.1966, 192 So.2d 59, this court held attorney’s fees proper under F.S. § 627.0127, F.S.A., in an action for declaratory relief and to stay arbitration by the insured. Fees were awarded also under F.S. § 627.0127, F.S.A., in the case of Carter v. State Farm Mutual Automobile Ins. Co., Fla.App. 1969, 224 So.2d 802 where the insured brought suit in small claims court for the enforcement of the amounts awarded them under an arbitration agreement where the amount awarded was modified to include the arbitrator’s fees. Old Republic Insurance Company v. Monsees, Fla.App. 1966, 188 So.2d 893; Dawson v. Aetna Casualty & Surety Co., Fla.App.1970, 233 So.2d 860. In the present instance the insurance policy was enforced and it was necessary for the policy holder to go into court in order to enforce the policy. The fact that the most expeditious method was by the policy holder’s support of the judgment holder’s claim in garnishment is immaterial. We think that it would be a strange judicial logic which would require the policy holder to bring a direct action on his contract in order to be entitled to attorney’s fees when such an action would take a longer time and the same result is available under the garnishment statute. We therefore hold that the trial court erred in failing to award a fee pursuant to F.S. § 627.0127, F.S.A., to the appellant Mabel E. Queen.
The claimed right of the appellant, Huerta, who was the judgment holder and garnishor in the trial court to a fee pursuant to the statute is supported by the reasoning of two cases interpreting Florida law decided by the Federal Court of Appeal, Fifth Circuit. The first of these is Coblentz v. American Surety Company of New York, 421 F.2d 187 (5th Cir. 1969); the second is Caplan v. Johnson, 414 F.2d 615, (5th Cir. 1969). In each of these cases the court reasoned that the judgment holder in the garnishment action against an insurance company was entitled to a fee under the statute because the garnishor was in fact enforcing the policy holder’s rights under the policy. We think that this conclusion is inevitable from the present holdings of the Florida courts to the effect that a tort claimant is a third party beneficiary to an insurance policy contract. Shingleton v. Bussey, Fla.1969, 223 So.2d 713; Beta Eta House Corp., Inc. of Tallahassee v. Gregory, Fla.1970, 237 So.2d 163; *37 Liberty Mutual Insurance Company v. Roberts, Fla.App.1970, 231 So.2d 235.
We hold therefore that the trial court erred in failing to assess a fee pursuant to the provisions of F.S. § 627.0127, F.S.A., upon the motion of the appellant Huerta who was the judgment holder and garnish- or.
For the reasons stated we have found error in the failure to assess a fee as to each appellant. The order striking the provision for attorney’s fees is reversed as to each appellant and the cause is remanded with directions to the trial court to proceed under the provision of F.S. § 627.0127, F.S.A., to set a fee for the appellant in each of these causes.
Reversed and remanded with directions.