350 So.2d 78 (1977)
Claude Lowell ROBERTS and State Farm Fire and Casualty Company, Petitioners,
v.
Glenn C. CARTER and Martha D. Carter, His Wife, Respondents.
No. 48016.
Supreme Court of Florida.
September 15, 1977.
Janis M. Halker of Gurney, Gurney & Handley, Orlando, for petitioners.
Charles A. Tabscott of Troutman & Parrish, Winter Park, for respondents.
ENGLAND, Justice.
Claude Roberts and the carrier of his homeowners' insurance policy, State Farm Fire and Casualty Co., have asked us to review the rejection of their defense of assumption of risk in a personal injury lawsuit, and an award of attorney's fees against State Farm for its denial of coverage. We granted certiorari to resolve decisional conflicts among Florida appellate decisions on these points.[1] The first point was recently resolved against Roberts and State Farm by our decision in Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977). We, therefore, limit our discussion to the attorney's fees question.[2]
In a decision reported at 316 So.2d 640, the Fourth District Court of Appeal held that Roberts' insurer must pay the injured plaintiffs' attorney's fees because, in plaintiffs' suit against Roberts and State Farm, the company denied coverage and ultimately was held responsible. Several appellate decisions have considered the same or related questions under Section 627.428(1), Fla. Statutes (1975), which authorizes attorney's fees against insurers in certain circumstances. The statute provides:
"Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court, shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recover is had." (Emphasis added).
The narrow question presented here is whether or to what extent persons other than "an insured or the named beneficiary under a policy" may recover attorney's fees in their stead.
The fundamental rule in Florida has been that an "award of attorneys' fees is in derogation of the common law and that statutes allowing for the award of such fees *79 should be strictly construed". Sunbeam Enterprises, Inc. v. Upthegrove, 316 So.2d 34, 37 (Fla. 1975). The decisional law has generally been consistent in applying this principle, holding that attorney's fees are allowable under the statute only when the narrow statutory class  the insured or a named beneficiary  is required to litigate a valid claim against an insurer. Wilder v. Wright, 278 So.2d 1 (Fla. 1973); Daleo v. Travelers Indemnity Co., 282 So.2d 169 (Fla. 1973).[3] Recovery of fees has generally been denied when other persons have litigated the issue of insurance coverage on their own behalf, such as in the injured "third party beneficiary" cases made possible by Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969).[4]
"The purpose of the statute is to discourage contesting of valid claims of insureds against insurance companies ... and to reimburse successful insureds reasonably for their outlays for attorney's fees when they are compelled to defend or to sue to enforce their contracts... ."[5]
This case is factually identical to Wilder and Daleo in all material respects. The district court erred in allowing attorney's fees, and its reliance on Queen v. Travelers Insurance Co., 258 So.2d 35 (Fla. 3d DCA), cert. denied, 263 So.2d 829 (Fla. 1972), was misplaced. The rationale of Queen, in any event, has been rejected by our decisions in Wilder and Daleo, as was noted in Phoenix Insurance Co. v. Helton, 298 So.2d 177 (Fla. 1st DCA 1974), cert. discharged, 330 So.2d 724 (Fla. 1976).
To eliminate any remaining confusion, we now reaffirm Wilder and hold that an award of attorney's fees under Section 627.428(1) is available only to the contracting insured,[6] the insured's estate, specifically named policy beneficiaries, and third parties who claim policy coverage by assignment from the insured.[7]
The decision of the Fourth District Court of Appeal as to attorney's fees is quashed and the case is remanded for disposition in accordance with this opinion.
It is so ordered.
OVERTON, C.J., and SUNDBERG and HATCHETT, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.
[2] Other alleged trial errors raised by appellants were fully considered on appeal by the district court and do not warrant re-evaluation here.
[3] See also Manufacturers Life Ins. Co. v. Cave, 295 So.2d 103 (Fla. 1974), holding that attorney's fees are not allowable where the insurer does not deny liability and has been sued by a named beneficiary before it has had a reasonable opportunity to determine the validity of the named beneficiary's claim.
[4] See Central Nat'l Ins. Co. v. Gonzalez, 295 So.2d 694 (Fla. 3d DCA 1974). We disapprove, however, that portion of the decision which affirmed an award of attorney's fees on the ground that coverage was an issue. See n. 6 below.
[5] Wilder v. Wright, 269 So.2d 434, 436 (Fla. 2d DCA 1972), quoted with approval on affirmance, 278 So.2d at 3.
[6] Fees would be available, of course, whether the contracting insured brings or is required to defend a lawsuit with the insurance carrier. See Old Republic Ins. Co. v. Monsees, 188 So.2d 893 (Fla. 4th DCA 1966). James Furniture Mfg. Co. v. Maryland Cas. Co., 114 So.2d 722 (Fla. 3d DCA 1959), suggests the type of suit which an insured might be required to defend. The corporate insured in that case was allowed to recover attorney's fees in a declaration suit brought by the carrier against its insured to contest coverage. The full decision in that case, however, is no longer good law. The decision was geared to an award for policy "beneficiaries", since the attorney's fee statute then in existence did not extend coverage to an "insured". To the extent that James Furniture construes "beneficiary" to encompass an award to an injured tort claimant or an employee of the contracting insured, the decision is disapproved. Similarly, we disapprove Johnson v. Atlantic Nat'l Ins. Co., 163 So.2d 340 (Fla. 3d DCA 1964), cert. denied, 188 So.2d 314 (Fla. 1966), which applied James Furniture to sustain a fees award for an injured tort claimant on the theory that the claimant was a policy "beneficiary". Aetna Cas. & Sur. Co. v. Mills, 192 So.2d 59 (Fla. 3d DCA 1966), illustrates a situation where the current statute would authorize attorney's fees, despite the reliance there on the James Furniture and Johnson decisions. See also Dawson v. Aetna Cas. & Sur. Co., 233 So.2d 860 (Fla. 3d DCA 1970).
[7] See, for example, All Ways Reliable Bldg. Maintenance, Inc. v. Moore, 261 So.2d 131 (Fla. 1972); Travelers Ins. Co. v. Tallahassee Bank & Trust Co., 133 So.2d 463 (Fla. 1st DCA 1961), cert. denied, 138 So.2d 332 (Fla. 1962).