BERANEK, JOHN R., Associate Judge.
This is an appeal from a final declaratory judgment in a complex automobile insurance contract dispute involving stacking of uninsured motorist coverage and construction of an “other insurance” clause as applied to uninsured motorist coverage. The appellant, State Farm Mutual Automobile Insurance Company, has raised four points on appeal. We reverse, finding that the trial court erred in refusing to apply the “other insurance” provision in the policy.
The accident occurred on April 17, 1976, prior to the effective date of Section 627.-4132, Florida Statutes (1977), prohibiting stacking. Four individuals, three different insurance companies, numerous vehicles and various policies are involved. On the day in question Bruce Christopher was driving a car owned by Joseph Sinacola when he was involved in an accident with another vehicle driven by a negligent third party tortfeasor. Joseph Sinacola, the owner of the car, and Dennis Sinacola, his adult son, were passengers in the car driven by Christopher, who was neither a member of the Sinacola household nor a relative of the family.
Christopher had an automobile liability insurance policy containing uninsured/underinsured coverage with State Farm Mutual Automobile Insurance Company. The State Farm policy issued to Christopher had limits of $100,000/$300,000. Joseph Sinacola had insurance coverage with Allstate Insurance Company. Joseph Sinacola owned three cars with coverage of $50,000 per car. Dennis Sinacola had two policies providing uninsured motorist coverage of $15,000 and $50,000 respectively with State Farm Mutual Automobile Insurance Company. The third party tortfeasor had available liability insurance coverage of $30,000, with Government Employees Insurance Company.
As a result of the accident and the negligence of the third party tortfeasor, Joseph Sinacola was killed and Dennis Sinacola was seriously injured. Government Employees Insurance Company paid its policy limits of $30,000 in settlement of the claim against the negligent tortfeasor. This settlement was split between Joseph Sinacola’s estate and Dennis Sinacola and his wife, who joined him as a plaintiff.
The various parties involved eventually agreed to arbitration. Immediately prior to the arbitration hearing, however, State Farm filed a suit for declaratory decree contesting the availability of its uninsured motorist coverage in the Christopher policy to satisfy the claims of both Sinacolas. The trial court determined the Christopher policy did provide uninsured motorist coverage for the Sinacola claims and that the “other insurance” clause contained in the State *117 Farm policy could not be applied to reduce that coverage. It is from this final judgment which State Farm appeals.
Before reaching the issue of application of the “other insurance” clause, we must first traverse the stacking of the various policies involved. The trial court determined that Joseph Sinacola’s estate had a total of $250,000 available in uninsured motorists benefits. This was arrived at by stacking the $50,000 coverage on each of Joseph Sinacola’s three cars for a total of $150,000. To this the trial court added the $100,000 in uninsured motorist benefits under the Christopher policy, for a total of $250,000. By stacking Dennis Sinacola’s two policies, one for $15,000 and one for $50,000, with an additional $50,000 from one of the Joseph Sinacola policies, plus an additional $100,000 of uninsured motorist coverage arising from the Christopher State Farm policy, the trial court found Dennis Sinacola had $215,000 in uninsured motorists coverage.
State Farm did not contest the stacking holdings outlined above and agrees all of the various coverages do stack. State Farm simply contends that the “other insurance” provision contained in the Christopher State Farm policy was effective and limited the recoveries against the Christopher State Farm policy. It is important to note what this case does not involve. There is no claim by Christopher or any member of his household or relative for uninsured motorist coverage. There is no denial by State Farm of any of the benefits of the various State Farm policies issued to Dennis Sinacola and there is no assertion by Allstate Insurance Company[1] that the stacking of its policies was improper.
The Christopher State Farm policy provided in relevant part:
SECTION III — UNINSURED MOTOR VEHICLE COVERAGE INSURING AGREEMENTS * * *
DEFINITIONS — SECTION III * * *
Insured — The unqualified word “insured” means * * *
(2) any other person while occupying an insured motor vehicle; and * * * Insured Motor Vehicle — means: * * *
(2) an automobile not owned by the named insured or any resident of the same household, other than a temporary substitute automobile, while being operated by such first named insured or resident spouse * * *
POLICY CONDITIONS * * *
9. Other Insurance. * * *
Under coverage U [Uninsured/Underin-sured Motorist Coverage] with respect to bodily injury to an insured while occupying a motor vehicle not owned by a named insured under this coverage, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance.
Subject to the foregoing paragraph, under coverage U if the insured has other similar insurance available to him against a loss covered by this coverage, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable under this coverage for a greater proportion of the applicable limit of liability of this coverage than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance. * * * (Emphasis in original)
Under these policy provisions, State Farm agrees that the Sinacolas were both insured and that each had $100,000 in uninsured motorist coverage available. State Farm asserts that since Joseph Sinacola and Dennis Sinacola both had over $100,000 in other available uninsured motorist coverage, the condition contained in subparagraph 9 pre- *118 eluded their recovery under the Christopher State Farm policy. Clearly under the trial court’s ruling, Dennis Sinacola had $115,000 under his own State Farm policy and his father’s Allstate policy. Joseph Sinacola had $150,000 in uninsured motorist coverage under his own Allstate policies. Under these circumstances, State Farm contends that there is no reason not to apply the “other insurance” provision of the policy to limit the Christopher coverage. We agree and reverse the trial court for failure to apply the “other insurance” provision.
The fact that the parties hereto do not contest stacking of the various coverages makes it unnecessary for this Court to trace and attempt to sort out the stacking of UMI coverage. See Tucker v. Government Employees Insurance Company, 288 So.2d 238 (Fla.1974), on remand 291 So.2d 240 (Fla. 3d DCA 1973), which gave rise to the concept of stacking. Here we deal not with the question of whether the policies stack but, assuming stacking, with whether the “other insurance” clause bars recovery. There is a definite split of authority throughout the country as to the effect and enforceability of “other insurance” clauses in a UMI context. In this respect the cases from various jurisdictions are collected and annotated in 28 ALR 3rd 551, Uninsured Motorist Insurance: Validity and Construction of “Other Insurance” Provisions (1969). Florida is clearly among those states which has generally condemned and refused to enforce such clauses in a UMI context. Sellers v. United States Fidelity & Guaranty Company, 185 So.2d 689 (Fla.1966), is the leading case on the subject, condemning the negation of UMI coverage based on “other insurance”, “excess — escape” or “prorata” clauses. Under the basic rationale of Sellers and its progeny, if a carrier accepts a premium for providing UMI coverage, that carrier will not be allowed to abrogate the coverage merely because the insured might be able to recover on a similar coverage under a different policy of which the insured happens to be a beneficiary. We have no quarrel with the Sellers rationale, but we do not believe it applies to the situation presented here.
Here, Joseph and Dennis Sinacola were riding as consenting passengers in a Sinaco-la owned automobile being driven by Bruce Christopher. The Sinacolas had adequate uninsured motorist protection on their own cars under their own policies. They stacked and received the benefits of these various policies for which they paid premiums and under which they became first class insureds within the definitions of Mullis v. State Farm Mutual Automobile Insurance Company, 252 So.2d 229 (Fla.1971), and Travelers Insurance Company v. Pac, 337 So.2d 397 (Fla. 2d DCA 1976), cert. denied, 351 So.2d 407 (Fla.1977). Looking at the problem from Christopher’s point of view, we can see no reason to void the “other insurance” clause in his policy. This clause would have had no application if Christopher had been driving an owned vehicle with the Sinacolas as passengers. Here the other insurance clause applied only to an insured occupant who was occupying a vehicle not owned by the named insured, an isolated application. If the Sinacolas had possessed UMI coverage of less than $100,-000 in their own right, they could both recover under Christopher’s UMI coverage.
We have found no case dealing with the question of whether a host/passenger in his own vehicle is entitled to stack UMI coverage of the driver of that vehicle. We further have been cited to no authority controlling the question of whether an “other insurance” clause within the non-owner driver’s policy is enforceable under these specific facts.
We conclude that the “other insurance” clause is enforceable under the facts of this case and under the assumed stacking of the various coverages. We, therefore, reverse the final judgment and remand with directions to enter judgment in favor of State Farm as to the uninsured motorist coverage provided in the Christopher policy.
The appellant also challenges the trial court’s award of $40,000 in attorneys’ fees, citing Roberts v. Carter, 350 So.2d 78 (Fla.1977), as controlling the assessment of attorneys’ fees herein. We reverse the award of attorneys’ fees and remand for reconsideration without reaching the question of *119 entitlement under Roberts. In doing so, we wish to clarify our prior decision in Aetna Life & Casualty Company v. Stanger, 367 So.2d 728 (Fla. 4th DCA 1979). The ruling in that opinion, that the appellee was not a “contracting insured” and the reversal of the attorneys’ fee award based upon Roberts v. Carter, supra, was the result of a concession of counsel.[2] To the extent that it is in conflict with the actual Roberts decision, we withdraw from it. The award of attorneys’ fees in the instant case is reversed because of our reversal of the judgment on uninsured motorist coverage. The issue of attorneys’ fees must thus be re-evaluated by the trial judge.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
DAUKSCH, C. J., and DAKAN, STEPHEN LEE, Associate Judge, concur.

. This carrier is not a party to this appeal.

. The parties to the appeal in Aetna Life and Casualty Company v. Stanger, 367 So.2d 728 (Fla. 4th DCA 1979), conceded that based on Roberts v. Carter, 350 So.2d 78 (Fla.1977), the attorneys’ fee award should be reversed. Also see United States Fidelity & Guaranty v. State Farm Mutual Automobile Insurance Company, 369 So.2d 410 (Fla. 3d DCA 1979), footnote 8.