LARRY G. SMITH, Judge.
Appellant Vaughan seeks reversal of an order denying her request for an award of attorney’s fees against Progressive American Insurance Company (appellee), under Section 627.428(1), Florida Statutes.[1] We affirm, on procedural grounds, the denial of attorney’s fees based upon our determination that there has been no “judgment or decree” rendered in favor of appellant, which is a'necessary predicate to an award of attorney’s fees under the statute.[2] How *890 ever, we further order that our affirmance is without prejudice to appellant’s right to seek the entry of a final judgment in her favor, and in connection therewith to renew her request for an award of attorney’s fees under the statute.
This controversy concerning attorney’s fees grows out of a declaratory action filed by the insurer, Progressive, to determine coverage under its policy issued to Jon T. Taylor (a defendant below). The circumstances giving rise to Progressive’s action are as follows: Appellant Vaughan was a passenger in an automobile driven by Taylor, which was involved in a motor vehicle collision with another automobile. Progressive had issued a policy to Taylor, providing liability and other coverage, which specifically insured yet a third automobile not involved in the collision. Vaughan filed suit against Taylor and the other vehicle driver, and joined Progressive and the other driver’s insurer. Progressive subsequently filed a complaint for declaratory judgment against Vaughan, Taylor, the other operator and his insurer, and obtained an order staying the negligence suit filed by Vaughan. The declaratory judgment actioned was scheduled for jury trial on July 26, 1982. On July 20, 1982, Progressive voluntarily dismissed Vaughan from the declaratory judgment action. The following day, Vaughan filed a motion and secured an order permitting her to re-enter the case as intervenor. At the trial, Vaughan’s motion for a directed verdict was granted against Progressive at the close of its case in chief. Vaughan then moved for attorney’s fees incurred in the defense of the declaratory judgment action, which was denied by the trial court’s order which is before us for review. A final judgment was entered in favor of Jon T. Taylor against Progressive, which found that the policy issued by Progressive provided coverage for Taylor on account of the accident, and specifically found that Progressive’s policy “provides liability, medical payment, and personal injury protection insurance for defendant, Jon T. Taylor, .... ” The final judgment makes no reference to appellant Vaughan, as noted in footnote 2, supra.
Appellant claims here, as she did below, that she is an “insured” entitled to the benefit of the attorney’s fees provision of Section 627.428(1), Florida Statutes. At the outset, we note that the trial court’s order rejecting appellant’s claim that she was an “insured” under the statute contains a discussion of Roberts v. Carter, 350 So.2d 78 (Fla.1977), which held that attorney’s fees under the statute are available only to the “contracting insured, the insured’s estate, specifically named policy beneficiaries, and third parties who claim policy coverage by assignment from the insured.” (Emphasis supplied). The court’s order also cites decisions from this court, Aetna Life Insurance Company v. Sievert, 361 So.2d 747 (Fla. 1st DCA 1978), which denied recovery of fees, citing Roberts v. Carter, supra, and South Carolina Insurance Company v. Pensacola Home & Savings Association, 393 So.2d 1124 (Fla. 1st DCA 1978), which allowed attorney’s fees because the loss-payable mortgagee under the insurance policy was deemed “an insured” pursuant to the statute (Section 627.428(1)), thus factually distinguishing that case from Roberts v. Carter.
Appellant urges, however, that the trial court’s denial of attorney’s fees is contrary to the Florida Supreme Court’s recent decision in Industrial Fire & Casualty Insurance Company v. Prygrocki, 422 So.2d 314 (Fla. 1982), affirming Prygrocki v. Industrial Fire & Casualty Insurance Company, 407 So.2d 345 (Fla. 4th DCA 1981). In its Pry-grocki decision the Supreme Court made it clear that Roberts v. Carter’s use of the term “contracting insured” was not intended to prohibit “an insured” other than the contracting insured from recovering attorney’s fees under the statute. Id. at 316. We are inclined to agree with appellant that the trial court appears to have applied a pre-Prygrocki interpretation of Roberts v. *891 Carter. We note, of course, that at the time of his ruling the trial judge below did not have the benefit of the Supreme Court’s authoritative decision in Prygrocki, since it was handed down subsequent to the order under review. We therefore emphasize that we affirm the denial of attorney’s fees only because an award of fees would have been premature at the stage at which the order was entered, and not because of our view as to the merits of the trial judge’s order.
Even assuming the application by the trial judge of an erroneous definition of “insured” as it pertains to entitlement of fees under the statute, however, we wish to make it perfectly clear that we could not on the record before us agree that appellant is necessarily entitled to an award of attorney’s fees. In order to fit this case into the Prygrocki mold, as appellant seeks to do, it is necessary to first determine whether she is an “omnibus insured” under the Progressive policy.[3] Secondly, if she is an “omnibus insured” is she entitled to an award of fees only if the claims made by or against her derive from her status as an insured, or is she entitled to an award of attorney’s fees even if only her third-party beneficiary claims under the liability coverage are at stake?[4] The parties are at odds on the matter of whether these questions have been clearly raised in the trial court. Whether or not they have been raised may depend, in part, upon interpretation of the allegations of Progressive’s declaratory judgment complaint,[5] and the evidence presented and contentions made during the trial itself. The bare record before us, which contains no trial transcript and no final judgment as to Vaughan, does not permit us to answer these questions.[6] It is clear, however, that these are matters which would properly be within the province of the trial court to consider upon the entry of a judgment in behalf of appellant, which has yet to be accomplished, and we decline to address these issues for the first time on this appeal. See, Morton v. Rafai, 339 So.2d 707 (Fla. 1st DCA 1976); City of Coral Gables v. Puiggros, 376 So.2d 281 (Fla. 3rd DCA 1979); Allender v. First Federal Savings & Loan Association, 389 So.2d 1226 (Fla. 5th DCA 1980). Furthermore, *892 since the application for attorney’s fees is a post-trial proceeding, nothing would prevent the trial court on remand from considering any pertinent additional evidence that might be necessary to properly determine this issue.
Appellee has cross-appealed the award of costs to Vaughan, pointing out, without contradiction by appellant, that the Ganas deposition, for which an award of $185.00 was made, was not taken in connection with the instant litigation. On the record before us we are unable to determine the propriety of the award of this item of costs. However, in view of our disposition of the primary appeal, which will necessitate further proceedings in the trial court, we reverse the cost award of $185.00 for the Ganas deposition, and remand for further consideration as to the basis for taxation of this item of costs.
The order appealed from is affirmed in part, and reversed in part, and the cause is remanded to the trial court for further proceedings, including entry of a final judgment, upon application and after notice, adjudicating the rights and obligations of the parties, including appellant Vaughan’s claim for attorney’s fees.
JO ANOS and NIMMONS, JJ., concur.

. Appellant also bases her claim for attorney’s fees on absence of a “justiciable issue,” Section 57.105, Florida Statutes. We find that the trial court properly rejected her claim on this ground.

. See, Dawson v. Blue Cross Association, 293 So.2d 90 (Fla. 1st DCA 1974); Travelers Indemnity Co. v. Chisholm, 384 So.2d 1360 (Fla. 2nd DCA 1980). Although appellant contends that the final judgment is in effect a judgment favorable to Vaughan, finding her an “omnibus insured,” we disagree. The final judgment does not specifically adjudicate Vaughan’s status as an “omnibus insured,” nor does it otherwise address the rights, duties or obligations of Progressive and appellant with respect to each other. The final judgment specifically adjudicates only the obligation of Progressive to defendant Taylor. By operation of law, of course, by finding that Progressive’s policy provides liability coverage to Taylor, the judgment effec *890 tively establishes Progressive’s potential liability for any judgment rendered against Taylor in appellant’s separate suit against him.

. We note from portions of Taylor’s Progressive insurance policy appearing in the record that any person while occupying the “insured car” is an “insured person” under the medical payments and uninsured motorists coverage of the policy. However, there may be other factors or other policy provisions which may bear upon Vaughan’s status as an “omnibus insured,” and as previously indicated (see footnote 2), so far as the record before us discloses the trial judge has not made a determination of this issue.

. Prygrocki does not expressly rule on whether attorney’s fees are awardable to one who is an “omnibus insured,” when the litigation in which the attorney’s fee question arises involves a claim under coverage provisions as to which the claimant is not an “insured.” We have noted, of course, Progressive’s contention that appellant has asserted no claim under the Progressive policy other than as a third party beneficiary with respect to the liability protection afforded to Taylor by Progressive. Although the record supports Progressive’s contention, it must be borne in mind that Progressive was the moving party in this declaratory judgment action, and appellant’s status as an “insured” for the purpose of claiming fees under the statute may well depend upon whether Progressive’s declaratory judgment complaint implicated appellant’s status as an insured under provisions other than the liability section of the policy.

. Progressive’s declaratory judgment complaint recited, among other things, the filing of the suit by Vaughan against its insured, Taylor, and the fact that claims had been made against the policy issued by Progressive to Taylor in that litigation. Further, the complaint alleged that Progressive was in doubt whether its policy provided coverage for Taylor, and his motor vehicle involved in the accident, “and any claims which might arise out of said accident.” The complaint concluded with the request that the court render a declaratory judgment determining whether the policy “provided liability, medical payments or personal injury protection insurance for defendant, Taylor, and against which all or some of the parties in Case No. 81-12678-CA [Vaughan’s suit against Taylor] have potential claims, at the time of the subject accident.”

. We find no indication that any request for a final judgment was ever made to the trial judge by appellant, nor was there a motion for rehearing after entry of the final judgment adjudicating the issues in the case only as pertains to Progressive and Taylor.