THOMPSON, J.
Superior Insurance Company (“provider”) seeks discretionary review of an order of the ■ county court pursuant to Florida Rule of Appellate Procedure 9.160(d). We transfer the case to the Circuit Court for the Ninth Judicial Circuit.
David A. Liebert, M.D., treated Eric A. Homer for injuries he received in an automobile accident. He was driving his mother’s car which Superior insured. Horner executed a document called “Attorney-in-Fact with Power of Attorney, to act on [the insured’s] behalf regarding payment of medical services rendered by said provider.” The document purported to appoint Dr. Liebert as Horner’s agent-in-fact with power of attorney to act for him with regard to payment of medical services rendered by Dr. Liebert. The document specifically denied being an “assignment.” Dr. Liebert sued the insurer for benefits, and the insurer paid the claim during the pendency of the litigation.
After the insurer paid the claim, Dr. Liebert sought attorney’s fees under section 627.428, Florida Statutes, which reads:
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.
On 18 May 1999, the trial court entered an order granting the provider’s motion for entitlement to attorney’s fees, and retained jurisdiction to decide the amount. The insurer then moved the court to certify the question. The insurer argued that the medical provider was not entitled to fees under Roberts v. Carter, 350 So.2d 78 (Fla.1977), because Dr. Liebert was not the contracting insured, the insured’s es *688 tate, a specifically named beneficiary, or a third-party claiming coverage by assignment from the insured. The insurer seemed to argue in the motion that Dr. Liebert was, and was not, a third-party beneficiary of the policy. The trial court entered an order dated 2 June 1999, which provided in its entirety: “ORDERED AND ADJUDGED that the Defendant’s Motion to Certify Question of Great Public Importance is hereby GRANTED.”
On 30 August 1999, this court issued an order to show cause why the appeal should not be transferred to the circuit court since the order did not comply with rule 9.160(d) in that it was not an order staying rendition, or an order containing findings of fact, conclusions of law, and a concise statement of the issue (s) of great public importance. The insurer responded by requesting that this court relinquish jurisdiction to the lower court for the limited purpose of allowing the lower court to amend the order certifying the issue. Upon receipt of the order relinquishing jurisdiction, the insurer stated, it would file its motion to amend the order certifying the issue.
First, the merits of this case are dubious. See Nationwide Mutual Fire Ins. v. Pinnacle Medical Inc., 753 So.2d 55 (Fla.2000). Furthermore, as pointed out by Dr. Liebert, a relinquishment of jurisdiction would add more delay to the case, which was previously delayed by the insurer’s premature appeal of the order on entitlement to fees. Finally, the insurer does not demonstrate how, even with a relinquishment of jurisdiction, the lower court would have jurisdiction to make a substantive amendment to its interlocutory order certifying the question.
Accordingly, we transfer this appeal to the Circuit Court for the Ninth Judicial Circuit.
DAUKSCH and GRIFFIN, JJ., concur.