942 So.2d 969 (2006)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Constance REGAR, as assignee of Jennifer E. Weaver, Appellee.
No. 2D05-4719.
District Court of Appeal of Florida, Second District.
November 29, 2006.
*970 Daniel A. Martinez, Michael T. Callahan, Weslee L. Ferron, and Jennifer C. Worden of Callahan Martinez, L.L.C., St. Petersburg, for Appellant.
Nancy A. Lauten and George A. Vaka of Vaka, Larson & Johnson, P.L., Tampa, for Appellee.
STRINGER, Judge.
Allstate Insurance Company seeks review of the final order awarding Constance Regar $220,340.23 in attorney's fees in her capacity as assignee of Jennifer E. Weaver's third-party bad faith action against Allstate. Allstate argues that Regar was not entitled to attorney's fees pursuant to section 627.428, Florida Statutes (2004), because she is not the named insured. Allstate also argues that Regar was not entitled to a fee multiplier for fees awarded under section 627.428. We conclude that neither of Allstate's arguments has merit and affirm.
Regar and Weaver were involved in an automobile accident in which Regar sustained injuries. At the time of the accident, Weaver was driving her mother's vehicle. Weaver's mother had an insurance policy that provided liability coverage to Weaver as a permissive user of her mother's vehicle. The policy provided $25,000 per person bodily injury liability coverage.
On December 31, 1997, Regar's attorney sent a letter to Allstate offering to settle Regar's personal injury claim for Allstate's applicable policy limits, provided the limits were tendered at his office in thirty days. In the letter, Regar's attorney asserted that Regar would execute a release "prepared by [his] office" when Allstate tendered the policy limits. Allstate responded by requesting copies of Regar's medical records, medical bills, and the proposed release.
Regar's attorney responded by remitting the requested information and reminding Allstate about the thirty-day time limit for settlement. On January 15, 1998, Allstate sent Regar's attorney a check for the policy limits and Allstate's standard form release. Allstate also sent a letter that asked Regar's attorney to use Allstate's standard release and to call if Allstate's standard release was not acceptable.
Regar's attorney responded by returning Allstate's check for the policy limits with a letter in which he stated that he considered the previous letter a rejection of his offer. The letter set forth the objectionable *971 portions of Allstate's standard release in detail. Allstate then revised its release in accordance with Regar's attorney's objections and re-sent the check for the policy limits. Although this correspondence was hand-delivered within the thirty-day time limit, Regar's attorney responded that Regar would no longer settle her claim for Allstate's policy limits. Regar's attorney suggested that he might be willing to discuss settlement above Allstate's policy limits. Despite Allstate's attempts to settle for the policy limits thereafter, Regar's attorney filed a tort suit in the circuit court.
Allstate settled the tort suit for $300,000, and Weaver assigned Regar her potential third-party bad faith claim against Allstate in exchange for Regar's promise not to execute the judgment in the tort suit. Regar then filed a complaint suing Allstate for bad faith in the tort suit. The parties settled the bad faith action, and Regar filed a motion seeking attorney's fees pursuant to section 627.428, Florida Statutes (2004). The trial court awarded Regar attorney's fees of $220,340.23, which included a 1.75 multiplier.

Attorney's Fees Pursuant to Section 627.428
The first issue in this case is whether an assignee of a third-party bad faith claim is entitled to attorney's fees pursuant to section 627.428 when the assignee obtains a favorable judgment in the bad faith action. Although the parties vigorously dispute the standard of review, it is clearly de novo because this is a question of statutory interpretation and a pure question of law. B.Y. v. Dep't of Children & Families, 887 So.2d 1253, 1254 (Fla. 2004).
Section 627.428 provides:
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
Allstate claims that an assignee of a third-party bad faith claim is not entitled to fees under this section because such an assignee is not a "named or omnibus insured or the named beneficiary." Allstate argues that an award of fees to an assignee of a third-party bad faith claim would not be consistent with the purpose of section 627.428.
Our analysis of this issue begins with a brief examination of the genesis of third-party bad faith claims. Florida courts have historically allowed "third-party bad faith claims" in which an insured sues his liability insurer for bad faith in failing to settle a claim that ends with a third-party judgment against the insured in an amount greater than the policy limits.[1]Time Ins. Co. v. Burger, 712 So.2d 389, 391 (Fla. 1998). Part of the reason Florida courts recognized third-party bad faith actions is that the insurers had the power and authority to litigate or settle their insureds' claims and owed their insureds a duty of *972 good faith and fair dealing in exercising this power and authority. Allstate Indem. Co. v. Ruiz, 899 So.2d 1121, 1125 (Fla. 2005).
This duty of good faith and fair dealing is "a duty to use the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business." Boston Old Colony Ins. Co. v. Gutierrez, 386 So.2d 783, 785 (Fla.1980). This duty is imposed because under the terms of the insurance policy the insured has surrendered to the insurer control in how the claim is handled, including how the claim is settled. Id.
The duty of good faith is a contractual duty, and an action for its breach is governed by contract law. Gov't Employees Ins. Co. v. Grounds, 332 So.2d 13, 14 (Fla.1976); N. Am. Van Lines, Inc. v. Lexington Ins. Co., 678 So.2d 1325 (Fla. 4th DCA 1996); Swamy v. Caduceus Self Ins. Fund, Inc., 648 So.2d 758, 760 (Fla. 1st DCA 1994). A third-party bad faith cause of action is assignable because it derives from a contract, i.e., it arises out of the breach of the contractual duty of good faith. Nationwide Mut. Ins. Co. v. McNulty, 229 So.2d 585, 586-87 (Fla.1969); Higgs v. Indus. Fire & Cas. Ins. Co., 501 So.2d 644, 645-46 (Fla. 3d DCA 1986).
Here, there is no dispute that Weaver could assign her third-party bad faith cause of action to Regar. There is also no dispute that had Weaver pursued and prevailed in her own third-party bad faith cause of action against Allstate, she would have been entitled to attorney's fees pursuant to section 627.428. See Campbell v. Gov't Employees Ins. Co., 306 So.2d 525, 532 (Fla.1974).
Allstate argues that an assignee of a third-party bad faith claim is not entitled to fees under this section because such an assignee is not a "named or omnibus insured or the named beneficiary." It is interesting to note that attorney's fees clearly are available to an assignee of an insured's coverage under section 627.428 in other types of disputes against insurers. See, e.g., Roberts v. Carter, 350 So.2d 78, 79 (Fla.1977); All Ways Reliable Bldg. Maint., Inc. v. Moore, 261 So.2d 131, 132 (Fla.1972); Magnetic Imaging Sys., I, Ltd., v. Prudential Prop. & Cas. Ins. Co., 847 So.2d 987, 989-90 (Fla. 3d DCA 2003); Superior Ins. Co. v. Libert, 776 So.2d 360, 365 (Fla. 5th DCA 2001). "[A]n assignee of an insurance claim stands to all intents and purposes in the shoes of the insured and logically should be entitled to an attorney's fee when he sues and recovers on the claim." All Ways Reliable, 261 So.2d at 132.
In direct contravention of Allstate's argument, these principles have been applied to allow for attorney's fee awards to assignees of third-party bad faith claims under section 627.428. See Kivi v. Nationwide Mut. Ins. Co., 695 F.2d 1285, 1288 n. 3 (11th Cir.1983); Liberty Mut. Ins. Co. v. Davis, 412 F.2d 475, 486 (5th Cir.1969); Travelers Ins. Co. v. Jones, 422 So.2d 1000, 1005 (Fla. 4th DCA 1982), disapproved on other grounds, Bankers Ins. Co. v. Macias, 475 So.2d 1216 (Fla.1985). As explained by the Fifth Circuit:
The [assignees] have stood in the shoes of the insured; they brought his claim. The purpose of the statute is to penalize an insurer's intransigence when it forces a claim to be litigated. Bad faith, if found, is the equivalent of such intransigence, and the penalty should be enforceable, by assignees no less than the insured. The entire cause of action was assigned, including [the insured's] right to attorneys' fees.
Davis, 412 F.2d at 486; see also Kivi, 695 F.2d at 1288 n. 3.
*973 We agree with the analysis of the Fifth Circuit. In our view, assignees of third-party bad faith claims are no different than assignees of insurance contracts for purposes of fees under section 627.428. If the entire cause of action is assigned, then the assignee stands in the shoes of the insured and is entitled to all remedies to which the insured would otherwise be entitled.
Allstate recognizes that assignees of an insured's coverage are entitled to attorney's fees under section 627.428 when they are forced to sue and recover on their claims. Allstate contends that an award of fees to an assignee of an insured's coverage is consistent with the purpose of section 627.428, but an award of fees to an assignee of a third-party bad faith claim is not consistent with the purpose of section 627.428. Allstate argues that the purpose of section 627.428 is to ensure that the insurer does not improperly deny coverage and section 627.428 was not intended to benefit any party other than an insured who is compelled to defend or sue to enforce their insurance contract.
To support this argument, Allstate relies on Roberts v. Carter, 350 So.2d 78 (Fla. 1977). Allstate's argument is based on this excerpt from Roberts: "[A]n award of attorney's fees under Section 627.428(1) is available only to the contracting insured, the insured's estate, specifically named policy beneficiaries, and third parties who claim policy coverage by assignment from the insured." Id. at 79 (footnotes omitted). This excerpt must be taken in context, however. The question on appeal in Roberts was whether an injured third-party claimant, who was a third-party beneficiary of the insurance contract, was entitled to attorney's fees under section 627.428 in an action against the insurer. In answering this question, the court noted that section 627.428 must be strictly construed and would only support an award of attorney's fees to a "narrow statutory class" who was "required to litigate a valid claim against an insurer." Id. at 78.
Thus, the supreme court held that attorney's fees were awardable to "the contracting insured, the insured's estate, specifically named policy beneficiaries, and third parties who claim policy coverage by assignment from the insured." Id. The court did not address the issue of whether attorney's fees were awardable to assignees of third-party bad faith claims. Moreover, the court did not state that attorney's fees were not available to any other types of assignees. Thus, we conclude that Roberts does not preclude attorney's fees in this case.
In a similar vein, we are not persuaded by Allstate's reliance on cases holding that third parties who bring common law bad faith suits without an assignment are not entitled to fees under section 627.428. See, e.g., Safeco Ins. Co. of Am. v. Albriza, 365 So.2d 804, 806 (Fla. 4th DCA 1978). Obviously a third party in such cases is not a "named or omnibus insured or the named beneficiary," and without an assignment, the third party does not stand in the shoes of the insured.
We are not unsympathetic to Allstate's plight in this case. The number of bad faith cases filed in the courts appears to be exponentially increasing, but the increase does not appear to be directly linked to the actions of the insurers. Instead, plaintiff's attorneys are filing bad faith actions over issues that it seems could be simply resolved, like the wording of the release in this case. These attorneys are perhaps motivated by the promise of fees under section 627.428 upon prevailing in these actions. Certainly this case has mushroomed into over $200,000 in attorney's fees plus an as-yet-undetermined amount of appellate attorney's fees from an initial *974 offer of settlement for meager policy limits of $25,000. However, section 627.428 does not distinguish between coverage disputes and bad faith actions. While we are not certain that outcomes like today's were contemplated at the time of the statute's enactment, that issue is for resolution by the legislature.
In this case, the third-party bad faith action derived from the insurance contract between Allstate and Weaver, i.e., it arose out of the breach of the contractual duty of good faith. Weaver assigned the entire bad faith cause of action to Regar, including Weaver's right to statutory attorney's fees. When Allstate settled the bad faith claim, Regar, as Weaver's assignee, was entitled to attorney's fees pursuant to section 627.428. Thus, although Regar is not a "named or omnibus insured or the named beneficiary," she is entitled to attorney's fees because she is standing in the shoes of that person.

Fee Multiplier
The second issue in this case is whether a trial court has the discretion to award a multiplier to attorney's fees awarded under section 627.428. Allstate argues that the trial court erred in awarding a fee multiplier because (1) section 627.428 is penal in nature and (2) the purpose of section 627.428 is not consistent with the purpose of awarding a multiplier. Allstate does not argue that the trial court abused its discretion in determining whether a fee multiplier was appropriate under the facts of the case but argues that, as a matter of law, a fee multiplier is not applicable under section 627.428. As with issue I, this is a pure question of law that is reviewed de novo.
Allstate candidly admits that the Florida Supreme Court has already decided that a fee multiplier is appropriate in cases awarding fees pursuant to section 627.428. See Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990). In Quanstrom, the issue was whether a contingency fee multiplier was mandatory for attorney's fees awarded under section 627.428 pursuant to the supreme court's previous decision in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). The Quanstrom court determined that the use of a multiplier was not mandatory but held that, in tort and contract cases, the use of a multiplier could be appropriate "when a risk of nonpayment is established." Quanstrom, 555 So.2d at 834.
Allstate argues that some policy language in Sarkis v. Allstate Insurance Co., 863 So.2d 210 (Fla.2003), leaves open the question of whether Quanstrom is still good law. Allstate's argument is based on this excerpt from Sarkis: "[A] statute imposing a penalty must be strictly construed in favor of the one against whom the penalty is imposed." Sarkis, 863 So.2d at 223 (citing Hotel & Rest. Comm'n v. Sunny Seas No. One, Inc., 104 So.2d 570, 571 (Fla.1958)). In Sarkis, the supreme court strictly construed what it concluded were penal attorney's fees provisions in section 768.79, Florida Statutes (1997), and Florida Rule of Civil Procedure 1.442 to determine that a multiplier was not appropriate for fees awarded under those authorities. Allstate argues that section 627.428 is also a penal provision and that it should also be strictly construed to preclude an award of attorney's fees.
Our sister courts have rejected this argument, but the courts nonetheless certified the question to the supreme court. See Progressive Auto Pro Ins. Co. v. Wynne Chiropractic, Inc., 905 So.2d 1038 (Fla. 5th DCA 2005), review denied, 928 So.2d 336 (Fla.2006); Mercury Cas. Co. v. Flores, 905 So.2d 179 (Fla. 3d DCA 2005), review denied, 928 So.2d 335 (Fla.2006); Holiday v. Nationwide Mut. Fire Ins., 864 *975 So.2d 1215 (Fla. 5th DCA 2004), review denied, 924 So.2d 809 (Fla.2005). The supreme court has repeatedly denied review of this certified question.
Like our sister courts, we are not persuaded that the court's decision in Sarkis implicitly overruled its prior holding in Quanstrom. For one thing, the supreme court has said that it does not implicitly overrule itself. Puryear v. State, 810 So.2d 901, 905 (Fla.2002). Moreover, the court's decision in Sarkis addressed the propriety of applying a fee multiplier to attorney's fee awards under section 768.79 and rule 1.442, which deal with offers of judgment. 863 So.2d 210. The Sarkis court concluded that the purpose of each of those provisions:
[is] very different from the reason that we authorized the use of a multiplier in Quanstrom . . . and Rowe. In those cases, we authorized the use of a multiplier to promote access to courts by encouraging lawyers to undertake representation at the inception of certain cases. We agree with the Third District Court of Appeal's analysis . . . that Quanstrom specifically refers to obtaining counsel in the first instance. It is self-evident that attorney fees awarded as a sanction under section 768.79 and rule 1.442 are awarded after an attorney has already been obtained and agreed to undertake the case, and thus the use of a multiplier is not consistent with the purpose of the fee-authorizing statute.
Id. at 222-23 (citations omitted). In our view, the Sarkis court reaffirmed the holding in Quanstrom that the use of a multiplier could be appropriate under section 627.428 when there is a risk of nonpayment.
In summary, we hold that the trial court properly awarded Regar attorney's fees pursuant to section 627.428 as an assignee of a third-party bad faith claim in which she obtained a favorable judgment. We also conclude that the trial court properly determined that it had the discretion to award a multiplier to the attorney's fees awarded under section 627.428. Accordingly, we affirm the judgment below.
Affirmed.
SALCINES and WALLACE, JJ., Concur.
NOTES
[1] While this type of claim is not what we would traditionally call a "third-party" claim because it is brought by the first-party insured against the insurer, the use of the term "third-party bad faith claim" is more of a term of art.