361 So.2d 747 (1978)
AETNA LIFE INSURANCE COMPANY, Appellant,
v.
Glenda S. SIEVERT, Appellee.
No. GG-52.
District Court of Appeal of Florida, First District.
June 9, 1978.
Rehearing Denied September 12, 1978.
Robert P. Gaines, of Beggs & Lane, Pensacola, for appellant.
Louis K. Rosenbloum and Richard P. Warfield, of Levin, Warfield, Middlebrooks, Mabie, Rosenbloum & Magie, Pensacola, for appellee.
BOYER, Judge.
Aetna appeals a final judgment entered by the trial court pursuant to a jury verdict for appellee. It contends, first, that the lower court erred in denying its motion for directed verdict at the conclusion of the *748 evidence. We do not agree. A verdict should be directed only when the evidence would not be legally sufficient to sustain a verdict and that is not the case here. Secondly, Aetna contends that the court erred in denying its motion for new trial on the grounds that the verdict was contrary to the manifest weight of the evidence. Its basic argument is that there was compelling evidence that appellee's deceased husband had made material misrepresentations and omissions on his application for group credit life coverage. We find this point to be without merit. The general rule in Florida is that representations made by an insured on an insurance application present questions of fact to be resolved by a jury. Underwriters National Assurance Co. v. Harrison, 338 So.2d 58 (Fla. 3d DCA 1976); Hyman v. Life Insurance Co. of North America, 481 F.2d 441 (5th Cir.1973).
Aetna also contends that attorney's fees should not have been awarded to appellee. That point has recently been resolved in Aetna's favor by Roberts v. Carter, 350 So.2d 78 (Fla. 1977). Appellee is not the contracting insured, the insured's estate, a specifically named policy beneficiary nor an assignee of the policy; therefore she cannot recover an attorney's fee under Section 627.428(1), Florida Statutes (1975). Neither may she prevail on her theory of third party beneficiary. Phoenix Insurance Co. v. Helton, 298 So.2d 177 (Fla. 1st DCA 1974), cert. dis., 330 So.2d 724 (Fla. 1976). Furthermore, it does not appear that the policy was delivered in this state. (See F.S. 627.401) The provision for $9,000.00 fees is therefore deleted from the Final Judgment.
Finally, Aetna contends that certain of Appellee's costs were not properly taxed. Included in the taxed costs were expenses in obtaining hospital records, a copy of a deposition and over $250.00 for transportation of counsel to attend the deposition of Dr. Davis, the neighborhood doctor who had at the time of the trial moved to Virginia. Aetna urges that those items should not have been allowed. We agree. The hospital records were not admitted into evidence and no necessity for them was demonstrated. The copy of the deposition was neither entered into evidence nor used at the trial for impeachment nor otherwise. (See Dorner v. Red Top Cab & Baggage Co., 37 So.2d 160 (Fla. 1948)) Neither was the taxation of counsel's expenses for traveling to Virginia for the purpose of deposition proper. The taxation of costs is hereby reduced to $102.19.
Affirmed in part and reversed in part.
McCORD, C.J., and MELVIN, J., concur.

ON PETITION FOR REHEARING DENIED
Appellee contends that we apparently overlooked Travelers Insurance Company v. Tallahassee Bank and Trust Company, 133 So.2d 463 (Fla. 1st D.C.A. 1961), cert. denied 138 So.2d 332 (Fla. 1962), and All Ways Reliable Building Maintenance, Inc. v. Moore, 261 So.2d 131 (Fla. 1972), both cited with approval in Roberts v. Carter, 350 So.2d 78 (Fla. 1977), in reversing the award of her attorney's fees. We have not overlooked those cases. We feel, however, that the Supreme Court meant what it said in Roberts, i.e., that an award of attorney's fees under Section 627.428, Florida Statutes, is available only to "the contracting insured, the insured's estate, specifically named policy beneficiaries and third parties who claim policy coverage by assignment from the insured."
Appellee also contends that we overlooked Section 627.402 Florida Statutes (1977) in finding that the subject policy was not delivered in this state. Although subsection (1) of that section does indicate that delivery of a certificate is equivalent to delivery of the policy, Section 627.402 (2) indicates just as clearly that delivery of a certificate is not delivery of the policy for group insurance contracts such as the one here involved. Nor do we have the situation presented in Blue Cross of Florida, Inc. v. Turner, Fla.App., 363 So.2d 133 (1978) in which a copy of the master policy had been provided to a Florida corporation for the purpose of administering the plan in this state. In addition, it does not appear *749 that a group credit life insurance policy of the amount involved would have been permitted under statutory limitations in effect in this state at the time of the issuance of the policy. See Section 627.679, Florida Statutes (1973).
The Petition for Rehearing is denied.
McCORD, C.J., and MELVIN, J., concur.