375 So.2d 8 (1979)
Jose Elpidio Rodriguez FERNANDEZ and Mirtha Rodriguez, Appellants,
v.
Reinaldo Manuel ALONSO and Industrial Fire and Casualty Insurance Company, Appellees.
No. 79-59.
District Court of Appeal of Florida, Third District.
June 26, 1979.
*9 Stabinski, Funt, Levine & Vega and Regina F. Zelonker, Miami, for appellants.
Goodhart & Rosner, Greene & Cooper and Robyn Greene, Miami, for appellees.
Before PEARSON, BARKDULL and HUBBART, JJ.
PER CURIAM.
The appellants, Jose Elpidio Rodriguez Fernandez and Mirtha Rodriguez, were plaintiffs claiming personal injury protection benefits for injuries arising out of an accident between plaintiffs' commercial vehicle and appellee Alonso's motor vehicle which was insured by appellee, Industrial Fire and Casualty Insurance Company.[1] This appeal is from a post-judgment order which granted rehearing and set aside a prior order which had allowed to the plaintiffs an attorney's fee for the recovery of PIP benefits.
It is first urged that the trial court lacked jurisdiction to enter the order on petition for rehearing granted because the defendants had, before the rehearing was granted, appealed an amended final judgment which included an award of an attorney's fee for plaintiffs. We hold that the appeal of the amended final judgment did not divest the trial court of jurisdiction to decide the separate attorney's fee issue. The first final judgment reserved jurisdiction to decide the attorney's fee issue. The amended final judgment amended only that portion of the judgment pertaining to costs. By separate order, the court awarded an attorney's fee to plaintiffs. Defendants filed a timely petition for rehearing directed to the attorney's fee issue. Therefore, defendants' subsequent appeal of the amended final judgment when rendered did not affect defendants' right of the court's power to proceed with the attorney's fee issue. See Chipola Nurseries, Inc. v. Div. of Admin., Dept. of Transp., 335 So.2d 617 (Fla. 1st DCA 1976).
Plaintiffs' point upon the merits of the appeal urges that the trial judge erred in denying an award of attorney's fee to plaintiffs, who successfully recovered PIP benefits from the insurer of a colliding vehicle. We think that to award attorney's fees to the plaintiffs here, who had no connection with the named insured, except that his automobile struck their commercial vehicle, would be directly contra to the holding of the Supreme Court of Florida in Roberts v. Carter, 350 So.2d 78 (Fla. 1977), where the court held:
* * * * * *
"To eliminate any remaining confusion, we now reaffirm Wilder [Wilder v. Wright, 278 So.2d 1 (Fla. 1973)] and hold that an award of attorney's fees under Section 627.428(1) is available only to the contracting insured, the insured's estate, specifically named policy beneficiaries, and third parties who claim policy coverage by assignment from the insured." 350 So.2d at 79.
This court, in United States Fidelity and Guaranty Company v. State Farm Mutual Automobile Insurance Company, 369 So.2d 410 (Fla. 3d DCA 1979), has interpreted "contracting insured" to include "claimants who have a direct first party contractual relationship with the carrier." But this interpretation does not aid plaintiffs because they have no contractual relationship at all with the defendant carrier.
Affirmed.
NOTES
[1] See § 627.736(4)(d)(4)(a), Fla. Stat. (1977)