407 So.2d 345 (1981)
John William PRYGROCKI, Appellant,
v.
INDUSTRIAL FIRE AND CASUALTY INSURANCE COMPANY, Appellee.
No. 80-1849.
District Court of Appeal of Florida, Fourth District.
December 16, 1981.
Larry Bohannon, J. Patrick Floyd and Robert N. Berube of Chidnese & Bohannon, Fort Lauderdale, for appellant.
Marcia E. Levine of Fazio, Dawson, Steinberg & DiSalvo, Fort Lauderdale, for appellee.
OWEN, WILLIAM C., Jr., Associate Judge (Retired).
The issue here is whether an insured under the personal injury protection coverage of an automobile liability insurance policy, other than the named insured or a relative of the named insured, is within the classification of those entitled to recover attorneys fees under Section 627.428(1) Florida Statutes. We answer in the affirmative, and reverse the judgment denying attorneys fees to appellant.
Appellant, while a pedestrian, sustained bodily injury caused by an accident arising out of the use of a motor vehicle insured under the personal injury protection coverage of a policy issued by appellee, Industrial Fire and Casualty Insurance Company. The insurer denied coverage to appellant, who then brought this action. Later, the insurer recognized that it had wrongfully denied coverage, whereupon it paid its policy limits to appellant. However, the insurer declined to pay appellant's claim for attorneys fees and prevailed upon the trial court to enter an order striking the claim for attorneys fees on the grounds that such were not authorized under Section 627.428(1), Florida Statutes. In doing so the trial court relied upon Fernandez v. Alonso, 375 So.2d 8 (Fla.3d DCA 1979) and Roberts v. Carter, 350 So.2d 78 (Fla. 1977).
Paraphrasing the language of the policy, it obligated the insurer to pay, in accordance with the Florida Automobile Reparations Reform Act, as amended, to any person while a pedestrian, through being struck by the insured motor vehicle, certain damages incurred as a result of bodily injury caused by accident arising out of the use of the motor vehicle. Appellant fit squarely within that classification (a fact belatedly recognized by the insurer) and, thus, clearly was an omnibus insured. As "an insured," appellant fell squarely within the unambiguous language of Section 627.428(1), Florida Statutes.[1]
*346 Because we can see no meaningful distinction between the facts in this case (an omnibus insured) and those stated in the Fernandez case, supra, (omnibus insureds) we believe, in all deference, that our sister court has misconstrued or misapplied the law as stated in Roberts v. Carter, supra. Indeed, the Fernandez court even cited to its own decision in United States Fidelity and Guarantee Company v. State Farm Mutual Automobile Insurance Company, 369 So.2d 410 (Fla.3d DCA 1979) which had interpreted the Supreme Court's coined phrase "contracting insured" in the following language, at 412:
It seems obvious to us that, in the context in which the statement was made, the term "contracting insured" refers to all claimants who have a direct first party contractual relationship with the carrier and are thus insured under the policy itself, as opposed to the third party tort claimants actually involved both in Wilder [v. Wright, 278 So.2d 1 (Fla.)] which was specifically reaffirmed in Roberts, and in Roberts itself. This conclusion is based predominately upon the fact that the very statute interpreted in Roberts, Section 627.428(1), provides for fees to be awarded whenever a judgment is rendered, not for "the" or "the contracting" insured, but "... in favor of an insured or the named beneficiary under a policy ..." [e.s.]. In this sense, the word "an" means "any." (Citations and footnotes omitted).
* * * * * *
Moreover, there is nothing in the Roberts language which would even faintly indicate that, merely by using the word "contracting," the supreme court intended to overrule the countless Florida decisions which, applying the clear terms of the statute, have virtually as a matter of course awarded fees to omnibus and additional insureds such as [the insured in that case]. (Citations omitted).
In recognition of the fact that the Supreme Court's use of the term "contracting insured" in its Roberts decision was not intended by that Court as either a revision of the clear statutory language or an overruling of the countless Florida decisions referred to in the foregoing quotation from the United States Fidelity and Guarantee Company case, this writer has recently suggested in another case[2] that the Supreme Court intended the term "contracting insured" to mean "an insured" as defined in the particular contract of insurance.
We hold that appellant was within the category of an insured within the meaning of Section 627.428(1), Florida Statutes. This is the only issue before us in this case. Our decision appears to be in direct conflict with Fernandez v. Alonso, supra.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ANSTEAD and BERANEK, JJ., concur.
NOTES
[1] Section 627.428(1), Florida Statutes, provides:

Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court, shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
[2] American and Foreign Insurance Company v. Avis Rent-A-Car System, Inc., 401 So.2d 855 (Fla. 1st DCA 1981) n. 7.