COBB, Judge.
The appellant, Margaret Norfolk, was injured in an automobile accident in 1977. At the time of the accident, she was married and her husband had a family policy of automobile insurance with the defendant/appellee, Nationwide Mutual Fire Insurance Company. That policy, under which the husband of the appellant was the named insured, included PIP coverage.
Initial PIP payments were made to Margaret Norfolk. Thereafter, a dispute arose as to the cause of her injury and the payments were stopped by Nationwide. Margaret Norfolk filed suit against Nationwide, including in her complaint a demand for attorney fees. Nationwide moved to strike that claim on the ground that Norfolk was not one of the parties entitled to collect *1015 attorney fees from an insurer. The trial court, following a literal interpretation of language used by the Florida Supreme Court in Roberts v. Carter, 350 So.2d 78 (Fla.1977), granted the motion and struck the claim for attorney fees. Settlement of the case specifically reserved this issue for appellate review.
The issue is whether or not an insured under a family automobile policy, as opposed to a third-party beneficiary, is entitled to recover attorney fees against an insurer denying coverage pursuant to section 627.428(1), Florida Statutes (1977). That provision is:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court, shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.
In the Roberts case the issue was whether or not an injured third-party claimant, hence a third-party beneficiary under the insured’s policy, would be entitled to an award of attorney fees in a successful action against the tortfeasor and the tort-feasor’s carrier, which had denied coverage. The Florida Supreme Court, in deciding adversely to the third-party beneficiary claimant, used the following language:
To eliminate any remaining confusion, we now reaffirm Wilder [v. Wright, 269 So.2d 434 (Fla.App.)] and hold that an award of attorney’s fees under section 627.428(1) is available only to the contracting insured, the insured’s estate, specifically named policy beneficiaries, and third parties who claim policy coverage by assignment from the insured. [Emphasis added.]
350 So.2d at 79.
Unfortunately, rather than eliminating confusion, the above language, and especially the phrase “contracting insured,” has created substantial confusion among the appellate courts. While the issue in the Roberts case was whether a third-party beneficiary had the right to make a claim for attorney fees against the carrier, subsequent actions raised the issue of whether an insured under the policy, other than the named insured, has the right to claim attorney fees. Two appellate courts have followed a strict interpretation of the language used in Roberts and have denied the right to claim attorney fees to an insured person other than the named insured. See Aetna Life Ins. Co. v. Sievert, 361 So.2d 747 (Fla. 1st DCA 1978), and Aetna Life & Cas. Co. v. Stanger, 367 So.2d 728 (Fla. 4th DCA 1979). On the other hand, the Third District Court of Appeal, in United States Fidelity & Guaranty Co. v. State Farm Mut. Automobile Ins. Co., 369 So.2d 410 (Fla. 3d DCA 1979), held that the Florida Supreme Court’s use of the phrase “the contracting insured” was probably inadvertent and was not meant to limit the language of the statute, which refers to “an insured.”
The trial court below, following a literal construction of the Roberts language, struck the claim of Margaret Norfolk for attorney fees. We agree with the interpretation of the Third District Court of Appeal. In view of the clear language of the statute, we believe that the Supreme Court’s choice of language in reference to “the contracting insured” was inadvertent, and was intended to refer to insureds under the contract as opposed to the third-party beneficiaries of the contract discussed in Roberts. Otherwise, the Florida Supreme Court would be guilty of rewriting the clear provisions of section 627.428(1), Florida Statutes, which it lacks legislative authority to do.
Accordingly, we reverse the order of the trial court, but certify our decision herein to be in direct conflict with Aetna Life Ins. Co. v. Sievert and Aetna Life & Cas. Co. v. Stanger.
REVERSED and REMANDED for further proceedings consistent herewith.
DAUKSCH, C. J., and COWART, J., concur.