414 So.2d 1159 (1982)
Valerie TRACEY, Appellant,
v.
FLORIDA INSURANCE GUARANTY ASSOCIATION, Appellee.
No. 81-1591.
District Court of Appeal of Florida, Third District.
June 8, 1982.
Stabinski, Funt, Levine & Vega and Regina F. Zelonker, Miami, and Maria Rodriguez, for appellant.
Preddy, Kutner & Hardy and Glenn P. Falk, Miami, for appellee.
Before HUBBART, C.J., DANIEL S. PEARSON, J., and EZELL, BOYCE F., Jr. (Ret.), Associate Judge.
PER CURIAM.
Appellant Tracey, a passenger in an automobile driven by an unrelated named insured, was injured in an accident. After instituting an action against the insurer *1160 under the insured's PIP coverage, the parties settled and judgment was entered by the trial court. Claiming to be an insured under the policy, appellant then sought, in a declaratory action, to establish the right to attorney's fees pursuant to section 627.428(1), Florida Statutes (1979). The trial court ruled that she was not entitled to attorney's fees incurred in the litigation.
This issue has been decided adversely to appellant by this court in Fernandez v. Alonso, 375 So.2d 8 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1193 (Fla. 1980). Since that decision, the Fourth District Court of Appeal, in Prygrocki v. Industrial Fire & Casualty Co., 407 So.2d 345 (Fla. 4th DCA 1981), addressing the same issue, ruled that a PIP claimant, unrelated to the named insured, is entitled to recover attorney's fees incurred in litigation against the insurer. We are constrained by our decision in Fernandez and affirm the trial court's decision. We certify that this decision is in express and direct conflict with the Fourth District Court of Appeal's decision in Prygrocki.
Affirmed.