GRIMES, Judge.
The question of whether someone other than a named insured can recover attorney’s fees incident to a successful suit on an insurance policy has plagued our sister courts for several years. We now join the fray.
Beverly Garrett, petitioner, sustained injury in an automobile accident while riding in a car owned by Charles Footman. Footman had automobile insurance with the respondent, Fireman’s Fund Insurance Company, which included personal injury protection benefits. This policy listed Footman as named insured, and no one else.
After the accident, Garrett received medical treatment, and Fireman’s Fund paid her bills in accordance with the PIP policy until July 17, 1979. Fireman’s Fund then ceased paying, having in the meantime received a physician’s report which stated that Garrett required no further medical treatment. Garrett filed suit for continued benefits. She also sought attorney’s fees under section 627.428(1), Florida Statutes (1979), should her claim be successful. In a well-reasoned order on final judgment, the county court found that Garrett was entitled to both benefits and attorney’s fees. The circuit court, in an equally well-reasoned order, reversed in part, holding that, although Garrett was entitled to benefits, she was not entitled to attorney’s fees. Garrett now seeks a writ of certiorari from this court, contending that the circuit court’s order departs from the essential requirements of law.
In Roberts v. Carter, 350 So.2d 78 (Fla.1977), our supreme court held that a successful third-party tort claimant was not entitled to recover attorney’s fees from the tortfeasor’s liability insurance carrier under section 627.428(1). The court interpreted the statute as allowing an award of fees only to the “contracting insured, the insured’s estate, specifically named policy beneficiaries, and the third parties who claim policy coverage by assignment from the insured.” 350 So.2d at 79. Although the court intended to clarify the meaning of section 627.428(1) by this statement, there *1099 has been disagreement over the meaning of the term “contracting insured.” In United States Fidelity & Guaranty Co. v. State Farm Mutual Automobile Insurance Co., 369 So.2d 410 (Fla. 3d DCA 1979), the court interpreted this term as referring not only to the named insured but to all claimants standing in a “direct first party contractual relationship with the carrier.” 369 So.2d at 412. Other districts have strictly interpreted the term “contracting insured” to deny awards of attorney’s fees to persons who were not the named insureds. Aetna Life & Casualty Co. v. Stanger, 367 So.2d 728 (Fla. 4th DCA 1979); Fernandez v. Alonso, 375 So.2d 8 (Fla. 3d DCA 1979); see Aetna Life Insurance Co. v. Sievert, 361 So.2d 747 (Fla. 1st DCA 1978).
More recently, in Norfolk v. Nationwide Mutual Fire Insurance Co., 407 So.2d 1014 (Fla. 5th DCA 1981), the Fifth District Court of Appeal reviewed the current conflict and followed the decision in United States Fidelity & Guaranty Co. The court stated that the reference to “contracting insured” in the Roberts decision was inadvertent and intended to refer to insureds under the contract rather than third-party beneficiaries of the contract. 407 So.2d at 1015. The Fourth District Court of Appeal has now ruled that a passenger in an insured vehicle who was not a relative of the named insured could recover attorney’s fees under the statute. Spaulding v. American Fire & Indemnity Co., 412 So.2d 367 (Fla. 4th DCA 1981). See also Prygrocki v. Industrial Fire & Casualty Insurance Co., 407 So.2d 345 (Fla. 4th DCA 1981); Earnest v. Southeastern Fidelity Insurance Co., 407 So.2d 995 (Fla. 3d DCA 1981).
We believe that Norfolk and United States Fidelity & Guaranty Co. present the most persuasive rationale. Section 627.-428(1) authorizes the recovery of attorney’s fees by “an insured.” Garrett successfully obtained additional benefits only because she qualified as an insured under the PIP provisions of the Fireman’s Fund policy. She “stands in the shoes” of a contracting party because her suit is directly on the policy. Earnest v. Southeastern Fidelity Insurance Co. Hence, she is entitled to recover attorney’s fees under the statute. We leave open the question of whether we agree with Prygrocki that a pedestrian is properly characterized as a contracting insured of the PIP carrier for the automobile which struck him.
We grant certiorari and direct the circuit court to reinstate the judgment of the county court. Garrett is also entitled to recover the reasonable fees for the services of her attorney at both the circuit and district court levels in an amount to be set by the county judge.
OTT, C.J., and CAMPBELL, J., concur.