SCHEB, Acting Chief Judge.
Appellant, a pedestrian, was injured by a motor vehicle insured by appellee. Appellant recovered a judgment against appellee under the personal injury protection coverage of the policy issued by appellee. Appellant also sought to recover reasonable attorney’s fees pursuant to section 627.428(1), Florida Statutes (1981). The trial court granted appellee’s motion to strike appellant’s claim for fees and this appeal ensued. We affirm.
The Florida Supreme Court has limited recovery under section 627.428(1) to: the contracting insured, the insured’s estate, specifically named policy beneficiaries, and third parties who claim policy coverage by assignment from the insured. Roberts v. Carter, 350 So.2d 78 (Fla. 1977). Subsequent cases have encountered difficulty over the meaning of the term “contracting insured.” The Third District Court of Appeal has defined this term to include “all claimants who have a direct first party, contractual relationship with the carrier and are thus insured under the policy itself, as opposed to ... third party tort claimants .... ” United States Fidelity & Guaranty Co. v. State Farm Mutual Automobile Insurance Co., 369 So.2d 410, 412 (Fla. 3d DCA 1979).
Several districts have expanded the statute’s applicability to cover not only the named insured, but also family members and passengers riding in the insured vehicle. See United States Fidelity & Guaranty Co. v. State Farm Mutual Automobile Insurance Co. (insurer responsible for attorney’s fees of resident spouse of named in *1266 sured); Earnest v. Southeastern Fidelity Insurance Co., 407 So.2d 995 (Fla. 3d DCA 1981) (insurer liable for attorney’s fees incurred by daughter, who was a passenger in vehicle insured by her father); Spaulding v. American Fire & Indemnity Co., 412 So.2d 367 (Fla. 4th DCA 1982) (passenger in the insured motor vehicle was entitled to attorney’s fees).
Recently, in Garrett v. Fireman’s Fund Insurance Co., 419 So.2d 1098 (Fla. 2d DCA 1982), a passenger successfully obtained additional benefits from the insurer because she qualified as an insured under PIP provisions of the policy. We held that she was entitled to recover attorney’s fees under the statute, noting that “[s]he 'stands in the shoes’ of a contracting party because her suit is directly on the policy.” Contra Tracey v. Florida Insurance Guaranty Assoc., 414 So.2d 1159 (Fla. 3d DCA 1982).
However, other cases have been more restrictive in granting awards of attorney’s fees. See Fernandez v. Alonso, 375 So.2d 8 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1193 (1980) (plaintiffs had no connection with the named insured except that his automobile struck their commercial vehicle, and they were denied attorney’s fees); Roberts v. Carter, (third party tort claimants could not recover attorney’s fees). Contra Prygrocki v. Industrial Fire and Casualty Co., 407 So.2d 345 (Fla. 4th DCA 1981) (pedestrian was awarded attorney’s fees).
Unlike Garrett, where the claimant was in a consensual relationship with the insured, the claimant here is making a claim which is adverse to the insured’s interests. He is not in a consensual relationship with the insured, and the statute was not intended to benefit such a claimant. Wilder v. Wright, 278 So.2d 1 (Fla. 1973). Therefore, appellant was not entitled to recover attorney’s fees under section 627.428(1).
We certify that our decision is in direct conflict with the Fourth District Court of Appeal’s decision in Prygrocki.
AFFIRMED.
CAMPBELL and SCHOONOVER, JJ., concur.