422 So.2d 314 (1982)
INDUSTRIAL FIRE & CASUALTY INSURANCE COMPANY, Petitioner,
v.
John William PRYGROCKI, Respondent.
No. 61574.
Supreme Court of Florida.
November 10, 1982.
Patrice A. Talisman of Daniels & Hicks, Miami, and Goodhart & Rosner, P.A., Miami, for petitioner.
Lawrence J. Bohannon of Chidnese & Bohannon, Fort Lauderdale and J. Patrick Floyd of the Law Office of J. Patrick Floyd, Fort Lauderdale, for respondent.
OVERTON, Justice.
This is a petition to review Prygrocki v. Industrial Fire & Casualty Ins. Co., 407 So.2d 345 (Fla. 4th DCA 1981), which we find expressly conflicts with Fernandez v. Alonso, 375 So.2d 8 (Fla. 3d DCA 1979) cert. denied, 383 So.2d 1193 (Fla. 1980). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. The issue is whether a pedestrian, who is not the named or contracting insured or part of the insured's household, but who is "an insured" under the provisions of the personal injury protection coverage of an automobile policy, may claim attorney's fees under section 627.428(1), Florida Statutes (1979), where there has been a denial of coverage. The district court held that recovery of attorney's fees was proper, and we approve.
*315 In the instant case, the respondent, John William Prygrocki, a pedestrian, was struck by a motor vehicle insured under a policy issued by the petitioner, Industrial Fire & Casualty Insurance Company. The policy provided that petitioner would pay personal injury protection benefits to the named insured and also provided coverage for medical and other expenses incurred as a result of bodily injuries sustained by "any other person while occupying the insured vehicle or while a pedestrian, through being struck by the insured motor vehicle."
Respondent made a claim under the policy, and petitioner originally denied coverage. Respondent then initiated suit to recover the expenses arising from his personal injuries and sought attorney's fees pursuant to section 627.428(1). After suit was filed, petitioner agreed that respondent was entitled to recover under the policy. Petitioner refused, however, to pay attorney's fees, claiming that under Fernandez and Roberts v. Carter, 350 So.2d 78 (Fla. 1977), respondent was not statutorily entitled to such fees. The trial judge agreed and struck the claim for fees.
The district court reversed, holding that respondent was an omnibus insured under the personal injury protection coverage of the policy and, as such, was within the class of persons entitled to recover attorney's fees under section 627.428(1). In so holding, the district court rejected the construction of the statute expressed in Fernandez, which limited recovery of attorney's fees to the "contracting insured," a class which includes "`claimants who have a direct first party contractual relationship with the carrier.'" 375 So.2d at 9 (citing United States Fidelity & Guaranty Co. v. State Farm Mutual Automobile Ins. Co., 369 So.2d 410 (Fla. 3d DCA 1979)).
While we approve the decision in the instant case, we note that much confusion has been generated by the language in Roberts regarding the awarding of attorney's fees against insurers. In Roberts, the plaintiff brought a personal injury action against an insured defendant, whose insurance company denied liability coverage. Following a determination that the denial of coverage was improper, the plaintiff, a third-party claimant who was not an omnibus insured under the defendant's policy, sought attorney's fees. We held that the plaintiff, as a third-party claimant, was not within the class of persons entitled to recover attorney's fees under section 627.428(1). Having so concluded, we added that "[t]o eliminate any remaining confusion, we ... hold that an award of attorney's fees under Section 627.428(1) is available only to the contracting insured, the insured's estate, specifically named policy beneficiaries, and third parties who claim policy coverage by assignment from the insured." 350 So.2d at 79 (footnotes omitted).
Rather than eliminating confusion, however, this language, "and especially the phrase `contracting insured,' has created substantial confusion among the appellate courts." Norfolk v. Nationwide Mutual Fire Ins. Co., 407 So.2d 1014, 1015 (Fla. 5th DCA 1981). Some district courts have construed Roberts as applying beyond the third-party claimant issue considered therein to situations like that of the instant case where an insured, other than the named insured, seeks attorney's fees. See Howe v. American Indemnity Co., 418 So.2d 1265 (Fla. 2d DCA 1982) (pedestrian insured under motorist's policy denied attorney's fees); Tracey v. Florida Ins. Guaranty Ass'n, 414 So.2d 1159 (Fla. 3d DCA 1982) (passenger in automobile driven by unrelated named insured denied attorney's fees); Fernandez; Aetna Life & Casualty Co. v. Stanger, 367 So.2d 728 (Fla. 4th DCA 1979) (denying attorney's fees to an insured under an uninsured motorist policy because not the contracting insured); Aetna Life Ins. Co. v. Sievert, 361 So.2d 747 (Fla. 1st DCA 1978) (wife insured under deceased husband's policy denied attorney's fees). Other district courts, however, have not followed a literal interpretation of the Roberts language, and have awarded attorney's fees to persons insured under an insurance contract. See Spaulding v. American Fire & Indemnity Co., 412 So.2d 367 (Fla. 4th DCA 1981) (attorney's fees awarded to passenger in insured vehicle); Earnest v. Southeastern *316 Fidelity Ins. Co., 407 So.2d 995 (Fla. 3d DCA 1981) (daughter who recovered under father's uninsured motorist policy awarded attorney's fees); Norfolk (wife of named insured entitled to recover attorney's fees); United States Fidelity & Guaranty Co. (insurer required to pay attorney's fees of resident spouse of named insured); Smith v. Conlon, 355 So.2d 859 (Fla. 3d DCA 1978) (individual unrelated to named insured recovered attorney's fees on jury finding that he had permission to use named insured's car).
Our use of the term "contracting insured" in Roberts was not intended to revise the clear statutory language of section 627.428(1), and prohibit "an insured," other than the contracting insured, from being entitled to recover attorney's fees under the statute. The statute is unambiguous in its terms and clearly applies to all insureds under an insurance contract. Section 627.428(1) provides:
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court, shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
(Emphasis added.) The term "contracting insured," as used in Roberts, refers to those persons insured under an insurance contract rather than the plaintiff third-party claimant discussed in Roberts. Norfolk; United States Fidelity & Guaranty Co. It is essential that Roberts be read in this manner in order to give the statute its true meaning. Section 627.428(1) provides that attorney's fees may be recovered by "an insured" under a contract of insurance. Third-party claimants, as Roberts held, are not within the class of insureds under a contract. Furthermore, the statute does not limit recovery of attorney's fees to "the" insured. To limit attorney's fees under section 627.428(1) to those who have directly contracted with an insurer and paid the premiums for an insurance policy, and to extend Roberts beyond the third-party claimant situation and preclude omnibus insureds from seeking attorney's fees both misconstrues Roberts and erroneously interprets the statute. The district court in the instant case properly construed Roberts and we agree with the district court that the class of individuals entitled to recover attorney's fees is clearly expressed in section 627.428(1) as those who are either "an insured or the named beneficiary under a policy or contract executed by the insurer" and that respondent is a member of that class.[*]
For the reasons expressed, we approve the decision in the instant case and disapprove the decision of the Third District Court of Appeal in Fernandez.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD and McDONALD, JJ., concur.
NOTES
[*] We note that the legislature amended section 627.428(1), effective October 1, 1982, to expressly include omnibus insureds within the category of persons entitled to recover attorney's fees. This change was apparently in response to the conflict in the district court of appeal decisions following our decision in Roberts. Section 627.428(1) now reads:

(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court, shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.