STROKER, R.J., Associate Judge.
This is an appeal from an order awarding attorney’s fees to plaintiffs against third-party defendants insurance carriers.
Plaintiffs (appellees herein), Ralph and Eleanor Merical, filed a complaint against Sears, Roebuck and Company and its pest control licensee Kimron, Inc., for damages caused by termite infestation. Sears filed a third-party complaint against its liability insurance carriers, appellants herein, Assurance Company of America and Security Insurance Group, which sought a judgment declaring that Sears’s insurance policies covered the resulting damage to the plaintiffs’ home. The third-party complaint also sought attorney’s fees against the third-party defendants. Neither insurance carrier was named as a party defendant in plaintiffs’ original complaint or in their amended complaint, however.
After a hearing, the court entered a Final Adjudication and Declaration of Coverage against the third-party defendant insurance carriers. This judgment was later amended to limit the declaration so it would only apply to primary liability. Thereafter, on May 4, 1983, the insurance carriers settled all claims with the plaintiffs against Sears and its licensee with the exception of the issue as to whether plaintiffs were entitled to attorney’s fees. The second paragraph of the joint stipulation states:
It is jointly stipulated and agreed that in the event that parties hereto are unable to amicably settle Plaintiff’s claim for attorney’s fees that any of the parties hereto may apply to the Court for an adjudication of Plaintiff’s entitlement to an attorney fee in connection with this litigation and a determination of the amount of attorney’s fees, if any, to which Plaintiffs may be entitled.
Sears moved to dismiss or strike plaintiffs’ claim for attorney’s fees against it which the court granted on August 12, 1983. The court then dismissed the plaintiffs’ action against Sears with prejudice and ordered that each party would be responsible for its own costs. On August 10, 1983, plaintiffs filed a Motion for Attorney’s Fees and Costs and Motion for Summary Judgment against the insurance carriers alleging that pursuant to Section 627.-428(1), Florida Statutes, they were entitled to attorney’s fees. The insurance carriers moved to strike plaintiffs’ motion. Thereafter, on September 21, 1983, the court entered an order denying the insurance carriers’ Motion to Strike and granting plaintiffs’ Motion for Attorney’s Fees and Costs. The insurance carriers were ordered to pay $6,000.00 each towards the plaintiffs’ attorney’s fees which were to be paid within ten days. Costs were also awarded to them in an amount to be determined by the parties. If no agreement could be reached regarding the amount of taxable costs, such total would be determined by the court at a hearing to be held within thirty days.
Section 627.428(1), Florida Statutes, provides:
Upon the rendition of a judgment or decree by any of the courts of the state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insur *176 er, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court, shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.
Plaintiffs were clearly not insureds or named beneficiaries under Sears’s policy with Assurance and Security. In the recent case of Industrial Fire & Casualty Ins. Co. v. Prygrocki, 422 So.2d 314 (Fla.1982) the Florida Supreme Court cited the decision in Roberts v. Carter, 350 So.2d 78 (Fla.1977) and reiterated that third party claimants who are not omnibus insureds under the policy are not within the class of persons entitled to recover attorney’s fees under Section 627.428(1). It is clear that plaintiffs’ policies provided coverage only to its named insured, Sears, and that plaintiffs were, at best, third party beneficiaries of the contracts between Sears and the insurance carriers.
The order of the trial court is reversed and vacated.
ORFINGER and COWART, JJ., concur.