629 So.2d 286 (1993)
Walter R. ROMERO, Jr., Appellant,
v.
PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY, Appellee.
No. 93-101.
District Court of Appeal of Florida, Third District.
December 21, 1993.
*287 Carlos Lidsky, Hialeah, Beckham & Beckham, and Pamela Beckham, North Miami Beach, for appellant.
Mitchell A. Chester, Dania, for appellee.
Before HUBBART, COPE and GERSTEN, JJ.
PER CURIAM.
Appellant, Walter Romero (borrower), appeals an order denying attorney's fees. The borrower's motion for attorney's fees was denied following an action against appellee, Progressive Southeastern Insurance Company (insurer), for its failure to pay policy proceeds for the loss of Romero's car. We affirm.
The issue on appeal is whether a borrower, whose failure to insure property financed by a lender results in the lender's purchase of a collateral protection insurance policy, is a named insured, omnibus insured, or named beneficiary of that policy and is therefore entitled to attorney's fees under section 627.428, Florida Statutes (1991).
The borrower purchased a vehicle with a loan obtained from Southeast Bank (lender). As a condition of that secured loan, the borrower agreed to provide the lender with proof of insurance. When Romero failed to provide documentation of auto insurance, the lender, by contractual right, obtained a single interest collateral protection insurance policy from the insurer to cover the lender's interest in the collateral.
The car was subsequently stolen. Two weeks after the theft, Romero filed an action against the insurer for declaratory judgment and breach of contract alleging that the insurer failed to pay the policy proceeds for the loss. Shortly after the borrower filed suit, and for undetermined reasons, the insurer paid the claim.
The borrower contends that he is a named insured, omnibus insured or named beneficiary under the lender's insurance policy and is therefore entitled to attorney's fees. The insurer asserts that the borrower is not a member of any of these classes of persons.
The operative statute in this case is section 627.428(1), Florida Statutes (1991). The section provides:
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
(emphasis supplied).
Having determined the operative statute, we next shift our focus to determine if the borrower is a member of a class entitled to attorney's fees under section 627.428.
The borrower is not a named insured under the policy. The lender's collateral protection insurance policy defines the insured as "the lender or lending institution that is named as the Insured in this policy." The certificate of insurance recites that "the lender *288 is purchasing insurance protecting its interest in the collateral" (emphasis supplied). Because the borrower is not designated as an insured, he is not a named insured.
The borrower is also not an omnibus insured. This policy contains no term which would reasonably encompass any other person or entity as an "insured." See, e.g., United States Fidelity & Guar. Co. v. State Farm Mut. Auto. Ins. Co., 369 So.2d 410, 413 n. 7 (Fla. 3d DCA 1979) ("The coupling of uninsured motorist coverage with family protection coverage in an automobile liability policy has made each member of a family an insured... ." (quoting Travelers Indem. Co. v. Powell, 206 So.2d 244, 246 (Fla. 1st DCA 1968))). In fact, omnibus insureds have been identified in Florida only as permissive users in automobile liability insurance contracts, see, e.g., National Auto. Ins. Ass'n v. Brumit, 98 So.2d 330 (Fla. 1957), and within personal injury protection coverages, see, e.g., Industrial Fire & Casualty Ins. Co. v. Prygrocki, 422 So.2d 314 (Fla. 1982).
Finally, the borrower is not a named beneficiary of the policy. Unlike life insurance policies which designate beneficiaries, a collateral protection insurance policy does not. The purpose of the policy is to protect the lender's interest in the collateral. Clearly, the lender as the insured is the policy's intended beneficiary. Third party claimants are not entitled to recover attorney's fees. Id. at 316; see Wilder v. Wright, 278 So.2d 1 (Fla. 1973) (rejecting an effort by a third party beneficiary to secure "named beneficiary" status).
Because the borrower is not a member of the classes of persons described within section 627.428[1] and is therefore not entitled to attorney's fees, we affirm.
Affirmed.
NOTES
[1] Because we determine that the borrower does not fit within the class of persons entitled to claim fees under section 627.428, Florida Statutes (1991), we do not remand for an evidentiary hearing as to whether or not the functional equivalent of a confession of judgment, Losicco v. Aetna Casualty & Sur. Co., 588 So.2d 681 (Fla. 3d DCA 1991), has indeed taken place. The court below did not hear evidence regarding whether there was a confession of judgment, Cincinnati Ins. Co. v. Palmer, 297 So.2d 96, 99 (Fla. 4th DCA 1974), or whether the insurer paid, not to settle the litigation, but upon the lender meeting conditions precedent under the insurance policy.