PARIENTE, Judge.
Appellant, State Farm Fire & Casualty Company (State Farm), appeals from a judgment awarding appellee, Michael Kam-bara (Kambara), attorney’s fees under section 627.428(1), Florida Statutes (1993), after he was forced to litigate his entitlement to receive medical payments coverage under a premises liability policy. This appeal is before us on a certified question from the county court to determine whether Kambara is an omnibus insured for purposes of an award of statutory attorney’s fees. We accept jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(4)(A). Because Kambara received first-party benefits under an omnibus clause of an insurance policy, we find he *832 fits -within the definition of an omnibus insured and is therefore entitled to statutory attorney's fees.
In awarding fees, the county court determined that Kambara as a claimant for “Med Pay proceeds of a premises liability policy of insurance is an omnibus insured and is entitled to an award of attorney’s fees.” However, the county court certified the following question as being of great public importance: [1]
Is a claimant for Med Pay provisions of a premises liability policy of insurance an omnibus insured (entitling him/her to an award of attorney’s fees) or a third party claimant who would not be entitled to an award of attorney’s fees?
Kambara was a resident of an apartment complex which was insured by a premises liability policy issued by State Farm. After Kambara received injuries on the premises, he sought reimbursement of his medical expenses pursuant to the medical payments coverage portion of the premises liability policy which provided in pertinent part:
We will pay medical expenses for bodily injury caused by an accident on your premises you own or rent, on ways next to the premises you own or rent, or because of your operations. The accident must take place in the coverage territory during the policy period.
When State Farm denied payment on the claim, Kambara filed suit seeking reimbursement for his medical expenses pursuant to the policy’s med pay provisions. The parties subsequently stipulated to his entitlement to the benefits, but not to statutory attorney’s fees.
Subsection 627.428(1), in its present form, provides:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.
(Emphasis added).
In Wilder v. Wright, 278 So.2d 1, 3 (Fla.1973), our supreme court held that the purpose of section 627.428 was “to discourage the contesting of valid claims of insureds against insurance companies ... and to reimburse successful insureds reasonably for their outlays for attorney’s fees when they are compelled to defend or to sue to enforce their contracts.” In Wilder an injured party had successfully sued both the insured and the insurer for damages resulting from the insured tortfeasor’s negligence (at a time when joinder of insurance companies was permissible). The injured party then sought attorney’s fees, not in his status as an insured but as a “named beneficiary” under the statute. Our supreme court rejected an expansion of the term “named beneficiary” to an injured party who occupied a third-party beneficiary relationship under the insurance policy.
In Roberts v. Carter, 350 So.2d 78 (Fla.1977), our supreme court again reiterated that an injured third party could not recover statutory attorney’s fees for successful litigation of a liability insurance coverage dispute. The plaintiff was not seeking first-party benefits under the contract, but sought to establish the existence of liability insurance coverage which would then pay any judgment that the plaintiff obtained as a result of the insured’s (tortfeasor’s) liability.
*833 The statute does not define “omnibus insured” and Florida cases construing the statute have not defined the term specifically.[2] However, omnibus insured is a term frequently used to refer to an individual insured under an omnibus clause of an insurance policy. The term “omnibus insured” was also used in Prygrocki v. Industrial Fire and Casualty Insurance Co., 407 So.2d 345 (Fla. 4th DCA 1981), decision approved, 422 So.2d 814 (Fla.1982), to refer to a pedestrian struck by a motor vehicle and entitled to the personal injury protection coverage of the policy insuring the motor vehicle. Our court determined that Prygrocki, a pedestrian, was entitled to attorney’s fees as an omnibus insured because he fit squarely within the classification of individuals set forth in the insurance policy as entitled to medical payments under the personal injury coverage. Our supreme court in Industrial Fire & Casualty Insurance Co. v. Prygrocki, 422 So.2d 314 (Fla.1982), approved of our court’s more expansive definition which did not limit insureds to “contracting insureds” or “named beneficiaries.” Noting that “it is essential to give the statute its true meaning,” our supreme court expressly rejected the more restrictive reading of the statute expressed by the third district in Fernandez v. Alonso, 375 So.2d 8 (Fla. 3d DCA 1979):
To limit attorney’s fees under section 627.428(1) to those who have directly contracted with an insurer and paid the premiums for an insurance policy, and to extend Roberts beyond the third-party claimant situation and preclude omnibus insureds from seeking attorney’s fees both misconstrues Roberts and erroneously interprets the statute.
Prygrocki, 422 So.2d at 316.
At the time of this court’s decision in Pry-grocki section 627.428(1) referred only to “an insured or the named beneficiary.” It is significant that subsequent to that opinion, which utilized the term “omnibus insured” to reference a pedestrian claiming PIP benefits under the tortfeasor’s auto insurance policy, the legislature amended section 627.428(1), to expressly include omnibus insured within the categories of persons entitled to recover attorney’s fees. Prygrocki 422 So.2d at 315, n. 1. As stated by our supreme court “this change was apparently in response to the conflict in the district court of appeal decisions following our decision in Roberts.” Id.
Despite Prygrocki State Farm insists that Kambara is nothing more than a third-party claimant and not an omnibus insured. It attempts to distinguish an individual claiming first-party PIP benefits under an automobile insurance policy from an individual claiming first-party med pay benefits under a premises policy. We do not find any meaningful distinction between two individuals whose rights to claim first-party benefits both flow directly from their status under an omnibus clause in an insurance policy. We disagree that authority for this proposition can be found in the dicta in Romero v. Progressive Southeastern Insurance Co., 629 So.2d 286, 287 (Fla. 3d DCA 1993), which observed that “omnibus insureds have been identified in Florida only as permissive users in automobile liability insurance contracts, see, e.g., National Auto. Ins. Ass’n v. Brumit, 98 So.2d 330 (Fla.1957), and within personal injury protection coverages, see, e.g., Industrial Fire & Casualty Ins. Co. v. Prygrocki 422 So.2d 314 (Fla.1982).” Merely because case law in Florida may not have identified med pay recipients as omnibus insureds does not equate with a conclusion that they are excluded from the expansive meaning of the term “omnibus insured.”
An individual can be both an omnibus insured seeking first-party benefits under an insurance contract and also be a third-party beneficiary under the liability provisions of the coverage when suing the tortfeasor. In the case of the omnibus insured, the individual’s rights are derived directly from his or her status under a clause of the insurance policy without regard to the issue of liability; if the individual fits within the class he or she is entitled to first-party benefits. As stated in Hammond v. Grange Mutual Casualty Co., 1994 WL 521193, *4 (Ohio Ct.App.1994):
Because the medical payments in this case are to be paid directly to a party injured *834 on the premises of the named insured, without regard to the named insured’s liability, we believe that a medical payments claimant can be defined as an insured under the policy to whom benefits flow directly under the terms of the policy.
Accordingly, such an individual should be entitled to claim attorney’s fees under section 627.428(1).
In the case of the third-party beneficiary, the benefits inure directly to the tortfeasor who is the insured. The benefits flow to the injured person only if that person successfully establishes liability against the tortfeasor. When an injured person sues to establish liability coverage, that person is suing to establish the rights of the tortfeasor which then indirectly inure to his or her benefit upon successfully establishing a right to recover against the tortfeasor. See generally Shingleton v. Bussey, 223 So.2d 713 (Fla.1969). The difference in the way benefits are derived from an insurance policy is significant for purposes of establishing who is and who is not an omnibus insured rather than a third-party beneficiary.
Here, Kambara was entitled to receive benefits directly from State Farm, without regard to liability, through the med pay provisions of a premises liability insurance policy issued to the apartment complex where he resided and suffered his injuries. He was forced to bring suit to compel State Farm to make payment of those first-party benefits. To preclude him now from recovering attorney’s fees as an omnibus insured would unnecessarily thwart the legislative intent in enacting this provision and fail to give effect to the statute’s true meaning. Accordingly we affirm the decision of the county court.
SHAHOOD, J„ and ZEIDWIG, HOWARD M., Associate Judge, concur.

. The county court also certified an additional question:
Precisely what is an omnibus insured and how do they differ from a third party beneficiary (and/or third party claimant) within the context of Florida Statute 627.428(1)?
This question requests that we explain the differences between omnibus insureds who are enti-tied to attorney’s fees under the statute and third-party beneficiaries who are not so entitled. To the extent that this question poses a broadly-stated inquiry beyond the facts of this case, we would be impermissively rendering an advisory opinion. See Interlachen Lakes Estates, Inc. v. Brooks, 341 So.2d 993 (Fla.1976).

. According to Webster's Third New International Dictionary (1966), omnibus means "of, relat-mg to, or providing for many things or classes at once: containing or including many items.”